Filed 7/17/13  P. v. Romero CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B238520 |
| Plaintiff and Respondent, | (Super. Ct. No. BA383965-01) |
| v. | (Los Angeles County) |
| KEVIN ROMERO, | |
| Defendant and Appellant. | |

Kevin Romero appeals his conviction, by jury, of one count of carjacking (Pen. Code, § 215, subd. (a))[1], eight counts of second degree robbery (§ 211) and one misdemeanor battery.  (§ 242.)  The trial court sentenced appellant as a second strike offender to a term of 31 years in state prison.  Appellant contends one of the robbery convictions is not supported by substantial evidence because the victim did not testify that he was deprived of property by force or fear.  Appellant further contends the trial court erred by not recognizing its discretion to impose concurrent rather than consecutive terms for robberies committed on the same occasion.  Finally, appellant also asks us to determine whether the trial court abused its discretion by denying, after an in camera review, disclosure of the personnel record of a police officer involved in his arrest.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

(*Pitchess v. Superior Court* (1974) 11 Cal.3d 531.)  We remand the matter for a new sentencing hearing and in all other respects affirm.

*Facts*

On April 23, 2011, appellant approached four U.S.C. students as they were getting into a car.  He put his hand in his sweatshirt pocket and raised it so that he appeared to be holding a gun.  After he asked for their property, the four students put their wallets and/or cell phones in the car.  Appellant took the property, got into a car that was waiting for him and left.  Three of the four students testified that they gave up their property because they were afraid of appellant.  The fourth student, David Herrera, did not testify.

On April 25, appellant approached Carlos Gutierrez while Gutierrez was sitting in his parked car.  Appellant had his left hand inside his pocket as if he was holding something.  Gutierrez got out of the car when appellant directed him to, because Gutierrez was afraid he would be hurt if he did not.  Appellant then took Gutierrez's car and all of the personal property inside it, including Gutierrez's cell phone.

On April 26, appellant committed a third robbery, this time of four Chinese students attending U.S.C.  During this incident, appellant worked with an accomplice, who threatened the students with a knife.  He personally threatened the victims with a "U-lock" taken from one of their bicycles.  Each victim handed money and personal property to either appellant or his accomplice because each victim feared for his or her safety.

Appellant was arrested on April 28, while driving the car he stole from the second victim on April 25.  He told the arresting officer that his name was David Herrera.  Mr. Herrera's wallet was found in appellant's pocket.

The jury found appellant guilty of eight counts of second degree robbery, one count of carjacking and one misdemeanor count of attempted second degree robbery.  Subsequently, the trial court found that appellant had one prior serious felony conviction, also for robbery.  Neither party raised the question of whether concurrent terms could be imposed at his sentencing hearing.  Instead, their arguments were limited to the questions

2

of whether appellant's prior strike should be stricken and whether the trial court should impose the upper, middle or lower term for the robbery convictions.

At the sentencing hearing, the trial court declined to strike appellant's prior conviction because the current offenses occurred less than seven months after appellant was released from custody on his prior conviction. It imposed a term of five years for the carjacking of Carlos Gutierrez, doubled to 10 years under the Three Strikes Law. It imposed a term of one year for each robbery conviction (one-third the mid-term), doubled to two years under the Three Strikes Law. Finally, the trial court imposed a five year term for appellant's prior conviction. It then ordered that each term run consecutively, for a total term in state prison of 31 years.

*Discussion*

*Substantial Evidence*

Appellant contends his conviction of the second degree robbery of David Herrera is not supported by substantial evidence because Mr. Herrera did not testify. As a consequence, appellant contends, there is no evidence that Herrera parted with his wallet as a result of force or fear.

Robbery is the "felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Direct evidence of a victim's fear is not required. The fact that a victim was in fear may be proved by circumstantial evidence or "inferred from the circumstances in which a crime is committed or property is taken." (*People v. Holt* (1997) 15 Cal.4th 619, 690.) In addition, fear "need not be testified to explicitly by the victim." (*People v. Cuevas* (2001) 89 Cal.App.4th 689, 698.) The jury may infer fear from the circumstances, even if the victim testifies that he or she was not actually afraid. (*People v. Morehead* (2011) 191 Cal.App.4th 765, 774.)

Here, three of the four U.S.C. students robbed by appellant on April 23 testified that they gave appellant their property because they were afraid of him. Herrera, the fourth victim, did not testify. The evidence demonstrated, however, that Herrera was standing with the other three victims when appellant approached and demanded their

3

property while simulating holding a gun.  All four victims complied with his demands.  A reasonable jury could infer that Herrera was afraid, just like his companions.  (*People v. Kraft* (2000) 23 Cal.4th 978, 1053; *People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

*Sentencing Error*

The trial court imposed consecutive two-year terms for each of appellant's eight robbery convictions.  Appellant contends the trial court erroneously believed consecutive terms were mandatory when in fact the court had discretion to impose concurrent terms for robberies committed on the same occasion or arising out of the same set of operative facts.  (§ 667, subd. (c)(6), (c)(7); 1170.12, subds. (a)(6), (a)(7).)  Because the trial court misunderstood its discretion, appellant contends, the matter should be remanded for resentencing.  He further contends his trial counsel was ineffective because counsel failed to inform the trial court that it had discretion to impose concurrent terms for some of the robbery convictions.

The Three Strikes Law mandates imposition of consecutive sentences in some circumstances.  Section 667, subdivision (c)(6) provides, "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)."  Subdivision (c)(7) of the same section provides, "If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."[2]

Our Supreme Court held in *People v. Hendrix* (1997) 16 Cal.4th 508, 591,that "consecutive sentences are not mandatory under subdivision (c)(6) if the multiple current felony convictions are 'committed on the same occasion' or 'aris[e] from the same set of operative facts.'   Where a defendant has multiple current convictions of serious or violent felonies that were not committed on the same occasion and do not arise

---

[2] Subdivisions (a)(6) and (a)(7) of section 1170.12 are essentially identical to these subdivisions.

from the same set of operative facts, "not only must the court impose the sentences for these serious or violent offenses consecutive to each other, it must also impose these sentences 'consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.' By implication, consecutive sentences are not mandated under subdivision (c)(7) if all of the serious or violent current felony convictions are 'committed on the same occasion' or 'aris[e] from the same set of operative facts.' " *People v. Hendrix, supra,* 16 Cal.4th at p. 513, see § 667, subd. (c)(7).) Where a trial court misunderstands its discretion to impose concurrent terms under these subdivisions, the appropriate remedy is to remand the matter for resentencing. (*People v. Deloza* (1998) 18 Cal.4th 585, 599-600.)

Appellant robbed four people virtually simultaneously on April 23. The trial court could have exercised its discretion to impose concurrent terms for three of these robberies on the ground that they were committed on the same occasion and arose from the same set of operative facts. (§ 667, subd. (c)(6).) The same would be true for the robberies committed on April 26. Despite these facts, no one involved in sentencing appellant ever mentioned the trial court's discretion to impose concurrent terms for any of appellant's current robbery convictions. In their sentencing memoranda, trial counsel for both parties assumed consecutive sentences were mandatory for each one of appellant's current robbery convictions. Counsel focused exclusively on two issues: whether the trial court should impose the upper, middle or low term for each offense and whether the trial court should strike appellant's prior conviction. The issue of concurrent terms was never raised by either party or by the trial court.

As it was imposing sentence, the trial court said nothing about its discretion to impose concurrent terms. Instead, after declining to strike appellant's prior conviction, it state: "So that leaves me with a situation of determining whether or not I pick low, mid, or high term with respect to imposing the mandatory terms that you are now facing." The record contains no indication that the trial court was aware of its discretion to sentence appellant to concurrent terms. Its use of the term "mandatory" indicates to the contrary, i.e., that it believed concurrent terms were mandated by the statute. Under these

5

circumstances, the appropriate result is to remand the matter to permit the trial court to determine how best to exercise its discretion in this regard. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 943; *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) Because we are remanding this matter for resentencing, we need not consider appellant's contention that his trial counsel was ineffective for failing to request that the trial court impose concurrent terms for the eligible robbery convictions. (*People v. Lewis* (2004) 120 Cal.App.4th 837, 854, fn. 4.)

Respondent contends appellant has waived appellate review of this issue because he did not request that the trial court impose concurrent terms. We disagree. The sentencing error at issue here does not involve the failure to preserve an evidentiary objection or a routine procedural defect. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Nor is this a claim that the trial court "failed to make or properly articulate its discretionary sentencing choices." (*Id.*) Instead, the claim here is that the trial court failed to exercise its discretion at all. Where, as here, a court misunderstands the scope of the scope of its discretion to impose concurrent sentences, a remand for resentencing is the appropriate remedy. (*People v. Deloza, supra,* 18 Cal.4th at p. 600.)

Nor can we agree that a remand would be futile because there is no reasonable possibility that appellant's sentence would be lessened on remand. (*People v. Coelho* (2001) 89 Cal.App.4th 861, 889-890.) The trial court's comments at sentencing hearing indicate its willingness to consider concurrent rather than consecutive terms for some of the current robbery convictions. For example, the court described this case as one that "obviously . . . has weighed heavily on the court[,]" and it referred to the lengthy sentence as "mandatory[.]" It noted that appellant's "posture" during the trial was "at all times completely respectful to the court[,]" and that it saw "a significant amount of good" in appellant. It described appellant as having "an incredibly agreeable personality" and "average if not higher intellectual gifts[.]" The trial court explained that it had elected to impose the middle term, rather than the upper term for the robbery counts because "you are a relatively young man [and] because I see decent qualities in you . . . ." We conclude there is a possibility the trial court will exercise its discretion to impose at least

some concurrent terms for the current robbery convictions. We express no opinion on whether we should do so.

*Pitchess Motion*

Pursuant to *Pitchess v. Superior Court, supra,* 11 Cal.3d 531, appellant sought discovery of the personnel records of police officers involved in his arrest. The trial court conducted an in camera review of the records and found no responsive complaints. At appellant's request, we have reviewed the sealed transcript of the proceedings and the documents referred to in that transcript. We conclude the trial court did not abuse its discretion in denying discovery. (*People v. Hughes* (2002) 27 Cal.4th 287, 330; *People v. Mooc* (2001) 26 Cal.4th 1216, 1232.)

*Disposition*

The matter is remanded for resentencing, to permit the trial court to determine whether to exercise its discretion to impose concurrent terms for any of appellant's current felony convictions. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

7

Craig J. Mitchell, Judge

Superior Court County of Los Angeles

_____

David Reis Mishook, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Wm. H. Shin, Deputy Attorney General, for Plaintiff and Respondent.