[No. S055275. Aug. 18, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES DUELL HENDRIX, Defendant and Appellant.

**COUNSEL**

Mark L. Christiansen, under appointment by the Supreme Court, and Willard F. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Anthony L. Dicce, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN, J.**—A man points a gun at four people seated at a shopping mall table and demands their money. Two comply, and the robber departs. He is subsequently convicted of two counts of robbery and two counts of attempted robbery, and admits three prior serious felonies. Under the three strikes law, must the robber be sentenced consecutively for the four current serious and violent felony convictions? The Court of Appeal held that consecutive sentences were not mandatory, but discretionary, and that the trial court had understood the scope of its discretion in imposing consecutive sentences. We agree that a trial court retains discretion to impose consecutive sentences under these circumstances.

## I. FACTS AND PROCEDURAL BACKGROUND

On April 7, 1994, at approximately 10:50 p.m., Mervin and Virginia Vick, and Kent and Ollie Ridge, were seated at a table following a fund-raiser at the Maywood Shopping Center in Madera County. A White male, later identified as defendant James Duell Hendrix, approached, cocked a semiautomatic weapon and said, "This is a holdup. Don't no one move and no one will get hurt." The two men gave defendant their money; the two women

said they had none. Defendant backed out of the room, returned briefly to warn his victims not to move, and then left again.

A jury found defendant guilty of two counts of robbery, and two counts of attempted robbery (Pen. Code, § 211;[1] former § 664); the allegations that defendant personally used a firearm in committing each of these crimes were found true. (Former § 12022.5, subd. (a).) Defendant subsequently admitted three prior serious felony convictions. (Subd. (d).)[2] The trial court sentenced him to state prison for 4 consecutive terms of 25 years to life (subd. (e)(2)(A)(ii)), consecutive to a determinate term of 20 years for the firearm use enhancements (former § 12022.5, subd. (a)), and a determinate term of 15 years for the prior serious felony conviction enhancements (subd. (a)).

The Court of Appeal remanded the case in light of *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], but otherwise affirmed. As relevant here, the court held that imposition of consecutive sentences is not mandatory, but merely discretionary, when a defendant has suffered two or more prior felony convictions within the meaning of subdivision (d) and is convicted of multiple felony convictions based on a single act of violence against multiple victims. The court further concluded that the trial court had understood the scope of its discretion in imposing consecutive sentences.

We granted the Attorney General's petition for review.[3]

## II. DISCUSSION

The issue before us is whether consecutive sentences are mandatory under subdivision (c)(6), (c)(7), or subdivision (e)(2)(B),[4] when the defendant has two or more prior felony convictions within the meaning of subdivision (d), and commits serious or violent felonies against multiple victims at the same time.

[1]All statutory references are to the Penal Code, and all references only to subdivision or subdivisions are to subdivisions of section 667, unless otherwise indicated.

[2]The case before us involves crimes committed in April 1994. It thus arises under the legislative version of the three strikes law (subds. (b)-(i)), rather than under the initiative version adopted by the voters in November 1994 (§ 1170.12). (*People v. Hazelton* (1996) 14 Cal.4th 101, 105 [58 Cal.Rptr.2d 443, 926 P.2d 423].) The relevant portions of the legislative and initiative versions of the three strikes law on this issue are virtually identical.

[3]Defendant did not file an answer to the petition for review, but raised additional issues in his brief on the merits. We decline to consider them. (Cal. Rules of Court, rule 29.3(c).)

[4]Subdivision (c) of section 667 provides:

"Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

We start with the relevant language of section 667, and in particular subdivisions (c)(6), (c)(7), and (e)(2)(B). Subdivision (c) provides: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following," including subdivision (c)(6) and (c)(7).

Subdivision (c)(6) provides: "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)." By its terms, this subdivision applies to *any* current felony conviction. Moreover, subdivision (c)(6) clearly provides that consecutive sentencing is mandatory for any current felony convictions "not committed on the same occasion, and not arising from the same set of operative facts." "It is difficult to understand how the Legislature could have intended anything else by these words. ■ 'When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.' [Citation.]" (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 662 [38 Cal.Rptr.2d 776].) ■ By implication, consecutive sentences are not mandatory

---

"......................................

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

"(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."

Subdivision (e) of section 667 provides:

"For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

"......................................

"(2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

"(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions.

"(ii) Imprisonment in the state prison for 25 years.

"(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

"(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

under subdivision (c)(6) if the multiple current felony convictions are "committed on the same occasion" or "aris[e] from the same set of operative facts." (See *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1140-1141 [46 Cal.Rptr.2d 351].)

Subdivision (c)(7) provides: "If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." Subdivision (c)(7) applies when there is more than one current serious or violent felony. Here defendant robbed two people and attempted to rob two others. Because defendant was found to have personally used a firearm in committing these offenses, the robberies and attempted robberies qualify as both serious and violent offenses within the meaning of sections 1192.7, subdivision (c)(8), and 667.5, subdivision (c)(8). While it is not clear that the serious and violent felonies referred to in subdivision (c)(7) are confined to those enumerated in sections 1192.7, subdivision (c), and 667.5, subdivision (c) (cf. subd. (d)(1) & (2)), defendant here falls well within the purview of subdivision (c)(7).

The most logical meaning of the reference to "paragraph (6)" in subdivision (c)(7) is that it refers to subdivision (c)(6). So construed, "more than one serious or violent felony as described in paragraph (6)" refers to multiple current convictions for serious or violent felonies "not committed on the same occasion, and not arising from the same set of operative facts." (Subd. (c)(6).) Thus, when a defendant is convicted of two or more current serious or violent felonies "not committed on the same occasion, and not arising from the same set of operative facts," not only must the court impose the sentences for these serious or violent offenses consecutive to each other, it must also impose these sentences "consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." By implication, consecutive sentences are not mandated under subdivision (c)(7) if all of the serious or violent current felony convictions are "committed on the same occasion" or "aris[e] from the same set of operative facts."

Under this approach, subdivision (c)(6) and (c)(7) are not duplicative. Subdivision (c)(6) mandates consecutive sentencing for *any* current felony not committed on the same occasion, and not arising from the same set of operative facts. Consecutive sentencing is not mandated under subdivision (c)(6) if the current felonies are committed on the same occasion or arise from the same set of operative facts. However, under subdivision (c)(7), if any two current felonies are serious or violent, and were not committed on the same occasion, and do not arise from the same set of operative facts, the

trial court must impose the sentences for these offenses consecutive to each other and "consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law."

Here, as the parties concede, all of the current serious and violent felony convictions were "committed on the same occasion." Therefore, subdivision (c)(7) does not mandate that the trial court impose consecutive sentences. Assuming consecutive sentences were not required under a statute other than the three strikes law, a point not addressed by the Attorney General, the trial court therefore retained discretion to sentence defendant either concurrently or consecutively.

The Attorney General asserts that subdivision (c)(6) and (c)(7) apply only when a defendant has one prior felony conviction or "strike," and that subdivision (e)(2)(B) controls those cases in which the defendant has two or more prior felony convictions or "strikes." We disagree.

Subdivision (e) provides: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction . . . ," including subdivision (e)(2)(A) and (e)(2)(B). Under subdivision (e)(2)(A), a trial court must sentence a defendant with two or more qualifying prior felony convictions or "strikes" to an indeterminate term of life imprisonment. Subdivision (e)(2)(B) provides: "The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

At the outset, we note that subdivision (c) expressly states "if a defendant has been convicted of a felony and it has been pled and proved that the defendant has *one or more prior felony convictions* as defined in subdivision (d), the court shall adhere to each of the following," including subdivision (c)(6) and (c)(7). (Italics added.) Thus, there is no plausible basis on which to interpret this subdivision as applying only to cases involving a *single* prior felony conviction.

In addition, as the Court of Appeal in this case noted, the language in subdivision (e)(2)(B) clearly speaks of two different terms, the "*indeterminate term* described in subparagraph (A)" and "*any other term of imprisonment* for which a consecutive term may be imposed by law." (Italics added.)

Under the Attorney General's interpretation, both terms are the "indeterminate term" described in subdivision (e)(2)(A); the only distinction is that they are separate counts. This fails to account for the use of the qualifying word "indeterminate" with reference to one but not the other "term." Moreover, it fails to recognize that the second sentence of subdivision (e)(2)(B) makes a distinction between the "indeterminate term described in subparagraph (A)" and "[a]ny other term imposed subsequent" thereto.

We conclude the phrase "[a]ny other term" in subdivision (e)(2)(B) refers back to the language of subdivision (e), which provides that the three-strike punishment is "in addition to any other enhancement or punishment provisions which may apply." Thus, when subdivision (e)(2)(B) states, "The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law," it merely provides that the indeterminate term must be imposed consecutive to any other term, such as a term of enhancement. It is not referring to the term for a different current felony conviction. Rather, the issue of whether the sentences for current convictions are consecutive is addressed in subdivision (c)(6) and (c)(7). Construed in this fashion, subdivision (e)(2)(B) serves the three strikes law's overall goal of ensuring longer prison sentences and greater punishment, but does not override or render meaningless subdivision (c)(6) and (c)(7).

In light of our conclusion that imposition of consecutive sentences was not mandatory in this case, we typically would further address the issue of whether the trial court understood the scope of its discretion. As noted earlier, the Court of Appeal concluded that the trial court did; defendant here contests that conclusion. However, given that defendant's sentence is already being remanded for reconsideration under *People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, and the propriety of that remand is not before us, the most efficient procedure in this case is to allow the trial court to decide at that time whether to sentence defendant consecutively or concurrently.

## CONCLUSION

The judgment of the Court of Appeal is affirmed in part, and reversed in part, and the court is directed to remand the case to the trial court.

Mosk, J., Kennard, J., and Werdegar, J., concurred.

GEORGE, C. J.—I concur in the majority opinion insofar as it holds that Penal Code section 667, subdivision (e)(2)(B), does not mandate consecutive sentences in this case.

In light of the parties' concession that the present offenses were "committed on the same occasion," and in the absence of a contention that principles of Penal Code section 654 apply, I also agree with the majority opinion that consecutive sentences are not mandated by subdivision (c)(6) and (c)(7) of Penal Code section 667 (hereafter subdivision (c)(6) and (c)(7)). I write separately because the majority does not acknowledge that this conclusion may be inconsistent with the conclusion suggested by several decisions of the Court of Appeal that have applied the principles of Penal Code section 654, including *People v. Ayon* (1996) 46 Cal.App.4th 385, 393 [53 Cal.Rptr.2d 853], *People v. Samuels* (1996) 42 Cal.App.4th 1022, 1026 [50 Cal.Rptr.2d 157], and *People v. Carter* (1995) 41 Cal.App.4th 683, 688-689 [48 Cal.Rptr.2d 726].

As the majority explains, consecutive sentences are mandated under subdivision (c)(6) "[i]f there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts . . . ." The phrase "not committed on the same occasion, and not arising from the same set of operative facts" is incorporated by reference into subdivision (c)(7). "The 'same occasion or set of operative facts' language of section 667, subdivision (c)(6) has been interpreted as applying the principles of section 654 to multiple current crimes." (*People v. Carter, supra*, 41 Cal.App.4th 683, 688.) In the present case, this interpretation of the language of subdivision (c)(6) would appear to compel a conclusion opposite to that reached by the majority, because the current crimes involved multiple victims, and thus Penal Code section 654 would not prohibit multiple punishment. (*Neal v. State of California* (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839].)

The parties in the present case have not briefed or argued this issue and, instead, have conceded that the present offenses were committed on the same occasion within the meaning of subdivision (c)(6). I accept this concession but, in doing so, I express no opinion regarding the proper interpretation of the phrase "not committed on the same occasion, and not arising from the same set of operative facts." That issue is presented in another case pending before us, *People v. Nelson* (1996) 47 Cal.App.4th 1784 [51 Cal.Rptr.2d 9] (review granted May 29, 1996 (S053008)).

Baxter, J., and Chin, J., concurred.

**MOSK, J.**—I concur in the opinion of the court prepared by Justice Brown. I believe that its reasoning is sound and its result correct.

Among the issues that we are here presented with is the question of the "consecutiveness" of sentences. Of course, to use "consecutive" with regard

to a sentence is not to state anything about the sentence in and of itself, but rather to imply that it is related to another. I write separately in order to focus on this point: What sentences must, or may, be "consecutive" to what other sentences?

The legislative version of the so-called "Three Strikes" law (Stats. 1994, ch. 12, §§ 1-2), with which we are here concerned, is codified in Penal Code section 667, subdivisions (b) to (i) (hereafter section 667(b) to (i)).[1] In pertinent part, section 667 declares as follows:

"(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d)"—which includes convictions for serious or violent felonies, convictions for certain out-of-state felonies, and particular juvenile adjudications—"the court shall adhere to each of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)"—which fixes the term of imprisonment.

"(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner pre-scribed by law."

Thus, under section 667(c)(6): If, in a prosecution under the Three Strikes law, the defendant is convicted of more than one felony "not committed on the same occasion, and not arising from the same set of operative facts" (*ibid.*), the court must impose the sentence for each such "different occa-sions/different facts" felony as fixed by that law and must order the sentence for each such "different occasions/different facts" felony so fixed to run consecutive. But to what? *To the sentence for any other such "different occasions/different facts" felony.* The provision states that "the court shall sentence the defendant consecutively on *each count* . . . ." (*Ibid.*, italics

---

[1]The initiative version of the Three Strikes law (Prop. 184, § 1, as approved by voters, Gen. Elec. (Nov. 8, 1994)), which was enacted later but is "nearly identical" (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 504 [53 Cal.Rptr.2d 789, 917 P.2d 628]), is codified in Penal Code section 1170.12.

added.) The reference to "each count" is to each of the "more than one felony count[s] not committed on the same occasion, and not arising from the same set of operative facts." (*Ibid.*)

Likewise, under section 667(c)(7): If, in a prosecution under the Three Strikes law, the defendant is convicted of more than one serious or violent felony "not committed on the same occasion, and not arising from the same set of operative facts" (§ 667(c)(6)), the court must order the sentence for each such serious or violent "different occasions/different facts" felony to run consecutive. But, again, to what? *To the sentence for any other offense, whether felony or misdemeanor, for which a consecutive sentence may be imposed.* The reference in section 667(c)(7) to "paragraph (6)" is to section 667(c)(6). The reference here to the "description" there is to the phrase, "not committed on the same occasion, and not arising from the same set of operative facts" (§ 667(c)(6)). The provision states that "the court shall impose the sentence for *each conviction* consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced . . . ." (§ 667(c)(7), italics added.) The reference here to "each conviction" is to each of the "more than one serious or violent felon[ies]" (*ibid.*), "not committed on the same occasion, and not arising from the same set of operative facts" (§ 667(c)(6)).

As a consequence, section 667(c)(6) and (7) show themselves to state two rules—a general one, for all felonies "not committed on the same occasion, and not arising from the same set of operative facts" (§ 667(c)(6)); and a special one, for only "serious or violent felon[ies]" of that description (§ 667(c)(7)).

Accordingly, section 667(c)(6) governs whenever a defendant is convicted of more than one felony of any kind "not committed on the same occasion, and not arising from the same set of operative facts" (*ibid.*), and mandates that the sentence for each such "different occasions/different facts" felony must run consecutive *to the sentence for any other such "different occasions/different facts" felony.*

By contrast, section 667(c)(7) governs only when a defendant is convicted of more than one serious or violent felony "not committed on the same occasion, and not arising from the same set of operative facts" (§ 667(c)(6)), and mandates that the sentence for each such serious or violent "different occasions/different facts" felony must run consecutive *to the sentence for any other offense, whether felony or misdemeanor, for which a consecutive sentence may be imposed.*

It follows that a defendant who is convicted of more than one nonserious or nonviolent felony "*not committed on the same occasion, and not arising*

from the same set of operative facts" (§ 667(c)(6)), must be sentenced under section 667(c)(6), which covers felonies of every kind, with the result that his sentence for each such nonserious or nonviolent "different occasions/ different facts" felony must run consecutive *to his sentence for any other such nonserious or nonviolent "different occasions/different facts" felony.*

It also follows that a defendant who is convicted of more than one serious or violent felony "not committed on the same occasion, and not arising from the same set of operative facts" (§ 667(c)(6)), must be sentenced under section 667(c)(6), which covers "different occasions/different facts" felonies of every kind, with the result that his sentence for each such serious or violent "different occasions/different facts" felony must run consecutive *to his sentence for any other such serious or violent "different occasions/ different facts" felony.* But he must also be sentenced under section 667(c)(7), which covers only serious or violent "different occasions/different facts" felonies, with the result that his sentence for each such serious or violent "different occasions/different facts" felony must run consecutive *to his sentence for any other offense, whether felony or misdemeanor, for which a consecutive sentence may be imposed.*[2]

Because I find the opinion of the court altogether consistent with the views expressed above, I join in it fully.

---

[2]Because the People and defendant have litigated this case on the assumption that the felonies of which defendant was convicted were "committed on the same occasion" and/or "ar[o]s[e] from the same set of operative facts" within the meaning of section 667(c)(6), I need not, and do not, undertake to construe the quoted phrases at this time.