Filed 9/26/13  P. v. Verkuilen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>JAMES ROBERT VERKUILEN,<br><br>   Defendant and Appellant. | G047649<br><br>(Super. Ct. No. 10HF1698)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Derek Guy Johnson, Judge.  Affirmed in part and reversed in part; remanded for resentencing.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

A jury convicted defendant James Robert Verkuilen of two counts of first degree residential burglary (Pen. Code, §§ 459, 460; all further statutory references are to this code). Defendant admitted a previous violent felony conviction (§§ 667, subds. (a)(1), (d) & (e)(1), 1170.12, subds. (b) & (c)(1)) and five separate prison term enhancement allegations (§ 677.5 subd. (b)). The trial court sentenced him to 15 years and 8 months. This included a consecutive sentence on the second first degree residential burglary conviction. The court also enhanced the sentence by five one-year terms for the prison term allegations, but stayed imposition of those terms.

Defendant appeals, contending the court erroneously believed it lacked discretion in imposing the sentence for the second burglary consecutively and by staying, rather than striking, the five one-year prison term sentences. We disagree with his first contention; the two separate burglaries do not qualify for concurrent sentencing under the "Three Strikes" law. Both we and the Attorney General agree with defendant that the enhancements cannot be stayed; we remand the case for the trial court to determine whether to impose or strike the five one-year terms.

FACTS

The burglaries took place in late December in a two-story building containing two condominium units. The upstairs unit was occupied by Nichole Horiuchi, the lower unit by Cheryl Cotman. Both women had left their units locked to spend Christmas with relatives. Upon their return, they found entry doors damaged and significant items missing from their respective units. Defendant's DNA was found inside Cotman's burglarized unit. Neither of the women knew defendant or had seen him before the trial.

2

DISCUSSION

*1. The court properly imposed a consecutive sentence for the second burglary*

Defendant contends that a concurrent sentence was required for the second burglary conviction. Defendant was a second strike offender requiring the court to double his base sentence under the Three Strikes law. That statute also provides, "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to [this section]." (§ 667, subd. (c)(6).) Where multiple felonies are committed "on the same occasion" or arise "from the same set of operative facts," the court has discretion to sentence either consecutively or concurrently. (*People v. Deloza* (1998) 18 Cal.4th 585, 591 (*Deloza*).) Possibly relying on an erroneous statute, the court here indicated it lacked discretion to impose concurrent sentences.

The issue therefore is whether the burglaries in two separate, adjacent condominium units were committed either "on the same occasion" and arose "from the same set of operative facts." Although defendant speculates that the burglaries took place concurrently, one performed by defendant, the other by an accomplice, there is nothing in the record to support such a scenario. Therefore, in determining whether the "same occasion" and "same set of operative facts" exception to consecutive sentencing applies, we apply the more probable assumption that the two burglaries were committed successively. Defendant also suggests we remand the case to the trial court for it to make a factual finding as to the sequence of the burglaries, but prior cases direct us to reject this suggestion. As a matter of law the exception to consecutive sentencing does not apply.

3

Defendant relies on two cases in contending the burglaries satisfy the "same occasion," and "same set of operative facts" exception to consecutive sentencing: *People v. Hendrix* (1997) 16 Cal.4th 508 (*Hendrix*) and *Deloza*, *supra*, 18 Cal.4th 585. These cases are factually distinguishable.

In *Hendrix*, the prosecution was based on a single incident. Defendant pointed a gun at four victims, all seated at a table, and announced a "'holdup.'" (*Hendrix*, *supra*, 16 Cal.4th at p. 510.) Two of the victims gave defendant their money; the others stated they had none. A jury convicted defendant of two counts of robbery and two counts of attempted robbery. The trial court sentenced defendant to consecutive terms for the four crimes. Our Supreme Court held that consecutive sentencing was not mandatory under these facts and remanded the case for the trial court and stated the court should exercise its discretion to determine whether the sentences should be consecutive or concurrent. (*Id.* at p. 515.) In *Deloza*, the Supreme Court reached a similar result where defendant robbed four people in a single robbery inside a store. (*Deloza*, *supra*, 18 Cal.4th at pp. 595-596.)

The significant feature of both these cases is that each involved a single robbery with more than one victim. On the other hand, *People v. Durant* (1999) 68 Cal.App.4th 1393 (*Durant*) presents a situation far more similar to the one confronting us here. There defendant was observed attempting to break into two condominiums in a single complex as well as successfully burglarizing a house, some blocks away. The jury convicted him of residential burglary and two counts of attempted burglary. The trial court applied the discretionary "same occasion" and "same set of operative facts" exception to consecutive sentencing. The Court of Appeal, concluding that this was an unlawful sentence, stated "the commission after the first burglary of a crime or burglary of another structure necessarily will arise out of different operative facts than those underlying the original offense." (*Id.* at p. 1406.) The court further stated "we conclude Durant committed three separate offenses, two attempted burglaries which by their nature

4

and elements were completed before he committed a burglary.  The crimes did not occur on the 'same occasion' as that term is commonly understood."  (*Id.* at pp. 1406-1407.)

The only fact distinguishing the present case from *Durant* is that here the two units were contained in a single structure while the units there may not have been contained in a single structure.  We fail to see that this fact alone sufficiently differentiates the present case from *Durant* to result in a different conclusion.  The reasoning of *Durant* compels the conclusion that defendant's two burglaries were "not committed on the same occasion, and [did] not [arise] from the same set of operative facts."  (§ 667, subd. (c)(6).)

*2. The trial court must either impose or strike the five one-year enhancements*

As defendant points out, citing *People v. Langston* (2004) 33 Cal.4th 1237, 1241, "[t]he California Supreme Court has held that once a prior prison term is found true within the meaning of section 667.5, subd[ivision] (b), the trial court cannot stay the one-year enhancement.  The enhancement is mandatory unless it is stricken."  We therefore agree, as does the Attorney General, that the court erred in staying the enhancement.  We therefore remand the case to the trial court to determine whether to strike or impose the enhancements.

DISPOSITION

Appellant's burglary convictions and consecutive sentences imposed in these crimes are affirmed.  The stay imposed for the prior prison term enhancements is reversed and the matter is remanded to the superior court with directions to exercise its discretion to either strike or impose the punishment for the enhancements.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.