Filed 10/27/15  P. v. Wood CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078603 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04266) |
| v. | |
| STEVEN PATRICK WOOD, | |
| Defendant and Appellant. | |

This appeal raises one issue:  whether defendant Steven Patrick Wood was entitled to have his felony conviction for receiving a stolen vehicle (a motorcycle) (Pen. Code,[1] § 496d, subd. (a)) reduced to a misdemeanor pursuant to Proposition 47.  We conclude, as did the trial court, the answer is "no" because receiving a stolen vehicle is not on the list of enumerated offenses, and to the extent defendant claims his right to equal protection

---

[1]     All further section references are to the Penal Code.

1

was violated, he had not shown he was similarly situated to a defendant convicted of misdemeanor petty theft of a vehicle valued at $950 or less because he has failed to present evidence from *the record of conviction* that the value of the personal property he received did not exceed $950. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2013, defendant drove a 2002 Yamaha motorcycle that belonged to two others without their consent. In September 2013, defendant pled no contest to receiving this stolen vehicle, a felony. (§ 496d, subd. (a).) In December 2014, defendant petitioned the trial court to reduce this conviction to a misdemeanor pursuant to Proposition 47. The trial court initially denied the petition because "[t]he property taken was more than $950." Defendant then petitioned for reconsideration, attaching a sheet of paper from the Sacramento Police Department stating that the "vehicle/plate value" was $501. The trial court still denied the petition, concluding section 496d was an "ineligible charge."

DISCUSSION

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, are shoplifting where the property value does not exceed $950 (§ 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (§490.2);

2

and receiving stolen property where the property value does not exceed $950 (§ 496).
(§ 1170.18, subd. (a).)  Receiving a stolen vehicle (§ 496d), the crime to which defendant
pled no contest, does not appear on the list of felonies reduced to misdemeanors by
Proposition 47.  (§ 1170.18, subd. (a).)[2]

Nevertheless, defendant contends his crime should be reduced to a misdemeanor
because although "Proposition 47 did not explicitly address section 496d," it is
"impossible to believe that the authors of Proposition 47 or the voters who adopted it
intended to create a vehicle exception, or that section 496d is an example of one."
However, to construe Proposition 47 to include receiving a stolen vehicle would violate
the cardinal rule of statutory construction.  " ' "When statutory language is clear and
unambiguous, there is no need for construction and courts should not indulge in it." ' "
(*People v. Hendrix* (1997) 16 Cal.4th 508, 512.)  Here, Proposition 47 lists a specific
series of crimes that qualify for reduction to a misdemeanor separated with the
conjunction "or" and ending with the phrase "as those sections have been amended or
added by this act."  (§ 1170.18, subd. (a).)  That list does not include section 496d,
receiving a stolen vehicle.  "The legislative inclusion of the . . . crimes . . . necessarily
excludes any other[s] . . . ."  (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.)

Undeterred by the plain statutory language of Proposition 47, defendant continues
that under equal protection principles, "[t]here is no good reason at all, compelling or
legitimate or otherwise, in punishing someone who has been convicted merely of

---

**2**     The full list of enumerated offenses reads as follows:  "A person currently serving
a sentence for a conviction, whether by trial or plea, of a felony or felonies who would
have been guilty of a misdemeanor under the act that added this section ('this act') had
this act been in effect at the time of the offense may petition for a recall of sentence
before the trial court that entered the judgment of conviction in his or her case to request
resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and
Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those
sections have been amended or added by this act."  (§ 1170.18, subd. (a).)

possessing a stolen vehicle worth less than $950 more harshly than someone who has been convicted of affirmatively stealing the same vehicle." The problem with defendant's argument is that he has not shown evidence in *the record of conviction* that the "value of the money, labor, real or personal property taken" was $950 or less. (§ 490.2.)

Proposition 47 provides that "[u]pon receiving a petition under subdivision (a) [i.e., defendant's petition for recall of sentence], the court shall determine whether the petitioner satisfies the criteria in subdivision (a)." (§ 1170.18, subd. (b).) The criteria in subdivision (a) are whether a defendant is "currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense . . . ." The question of whether a defendant satisfies the criteria in subdivision (a) must be answered based solely on the record of conviction. (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 [as to Prop. 36 (the Three Strikes Reform Act of 2012) & § 1170.126, court must determine "petitioner's eligibility for resentencing based on the record of conviction"].) In *Bradford*, this court construed almost identical language in the Three Strikes Reform Act of 2012, which provides that " '[u]pon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e).' (§ 1170.126, subd. (f)). " (*Bradford*, at p. 1337.) This court "conclude[d] that the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction." (*Bradford*, at p. 1327.)

Here, the record of conviction showed only that defendant "did unlawfully drive and take a . . . 2002 Yamaha Motorcycle . . . without the consent of and with intent, either permanently or temporarily, to deprive the . . . owner of title to and possession of said vehicle." While defendant attached to his motion for reconsideration of his petition a sheet of paper from the Sacramento Police Department stating that the "vehicle/plate

value" was $501, he produced no evidence *from the record of conviction* of the "value of the money, labor, real or personal property taken." (§ 490.2) Thus, he has failed to establish an equal protection violation and has shown no error in the denial of his petition to recall his sentence.

DISPOSITION

The judgment is affirmed.

/s/ _____
Robie, J.

We concur:


/s/ _____
Blease, Acting P. J.


/s/ _____
Butz, J.

5