Filed 3/14/16  P. v. Bueno CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MANUEL BUENO,<br><br>    Defendant and Appellant. | B262950<br><br>(Los Angeles County<br>Super. Ct. No. VA035643) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael A. Cowell, Judge.  Conditionally reversed; remanded.

Emily Lowther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Manuel Bueno appeals from the order denying his petition for recall of his sentence for receiving stolen property (Pen. Code, § 496, subd. (a))**1** and for resentencing of such conviction as a misdemeanor pursuant to section 1170.18, added by Proposition 47.**2** We conditionally reverse the order and remand the matter for the trial court to exercise its discretion to determine whether such resentencing "would pose an unreasonable risk of danger to public safety" (§ 1170.18, subds. (b) & (c)). If the answer is affirmative, the order denying the petition is affirmed, but if the answer is negative, the order is reversed and the trial court is directed to grant the petition, recall the felony

---

**1** All further section references are to the Penal Code.

**2** Proposition 47 was an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]). "The initiative: added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The electorate's stated purpose and intent was to '(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.' (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

sentence for receiving stolen property, and resentence as a misdemeanor pursuant to section 1170.18.

In Los Angeles Superior Court case No. VA035643, defendant was charged with nine counts. On May 31, 1996, defendant pled guilty to receiving stolen property (§ 496, subd. (a); count 9) and robbery (§ 211; count 6). On July 19, 1996, he was convicted of attempted murder (§§ 664/187, subd. (a); count 3) and assault with a firearm (§ 245, subd. (a)(2); count 4).[3] In an unpublished opinion in B104813, this Court affirmed the judgment of conviction and ordered certain modifications to the sentence.

On January 26, 2015, defendant filed a petition for the recall of his felony sentence on his conviction for receiving stolen property[4] and to be resentenced to a misdemeanor pursuant to section 1170.18.[5] He denied having any convictions for offenses listed in section 667, subdivision (e)(2)(C)(iv) or that would require him to register pursuant to section 290, subdivision (c). The People filed a response opposing the petition, contending defendant was ineligible for the requested relief, because of his attempted

---

**3** The remaining counts were dismissed or not prosecuted.

**4** This petition was signed by defendant on January 21, 2015. On the same date, he signed a separate petition seeking Proposition 47 relief with respect to his robbery conviction. This petition apparently was not filed. In a third petition filed February 26, 2015, which defendant signed but did not date, he sought relief with regard to his attempted murder, assault with a deadly weapon, robbery, and receiving stolen property convictions. On appeal, defendant challenges the denial of his petition solely with respect to his receiving stolen property conviction. We therefore deem defendant to have abandoned any claims of error regarding his other three convictions in that case.

**5** The petition was alternatively designated as an application for his felony conviction to be designated a misdemeanor conviction pursuant to section 1170.18. The application procedure applies only to a defendant who completed his or her sentence for the conviction at issue. We invited the parties to address whether defendant received a misdemeanor sentence for receiving stolen property and if he has completed his sentence, and have received their responses. We augment the record with the certified copy of the docket submitted by defendant and deny as moot his request for judicial notice thereof. The record now reveals defendant received a felony sentence for the receiving stolen property conviction and he has not completed that sentence.

3

murder conviction. At the hearing, the People pointed out in addition to attempted murder, defendant also was convicted of robbery and assault with a deadly weapon. The court denied the petition for the reason defendant was "clearly ineligible."

The trial court erred. Pursuant to Proposition 47, a defendant "currently serving a sentence for a conviction . . . who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with . . . Section . . . 496 . . . of the Penal Code, as [this section had] been amended or added by" Proposition 47.[6] (§ 1170.18, subd. (a).) If the above criteria are satisfied, the defendant's "felony sentence shall be recalled and the [defendant] resentenced to a misdemeanor pursuant to . . . Section . . . 496 . . . of the Penal Code, [as this section had] been amended or added by [Proposition 47], unless the court, in its discretion, determines that resentencing the [defendant] would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) In addition to enumerating certain factors the trial court was entitled to consider,[7] Proposition 47 defined "'unreasonable risk of danger to public safety'" to mean "an unreasonable risk that the [defendant] will commit a new violent

---

[6]    Proposition 47 amended section 496, subdivision (a), which defines the crime of receiving stolen property, to provide that "if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, *if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290.*" (§ 496, subd. (a), italics added; see also Initiative Measure (Prop. 47), *supra*, § 9.)

[7]    "In exercising its discretion, the court may consider all of the following: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (1170.18, subd. (c).)

Further, Proposition 47 expressly excludes defendants who have one or more qualifying prior convictions: "The provisions of this section shall not apply to persons who have *one or more prior convictions* for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.18, subd. (i), italics added.)

It is undisputed that defendant would be ineligible for Proposition 47 relief if prior (previous) to his Proposition 47 conviction, i.e., the felony conviction for which he seeks resentencing, he had "one or more *prior* convictions" (§ 1170.18, subd. (i), italics added) for certain enumerated "super strike" offenses, such as "[a]ny homicide offense, including any attempted homicide offense" (§667, subd. (e)(2)(C)(iv)(IV)).[8] At issue, is whether his *post* conviction of attempted murder disqualifies him for relief under Proposition 47. Defendant takes the position that Proposition 47 does not exclude from

---

[8]     The offenses enumerated in these sections are part of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and the convictions for such offenses "are sometimes referred to as 'super strikes.' [Citation.]" (*People v. Johnson* (2015) 61 Cal.4th 674, 681-682.)
     The disqualifying prior convictions are for: "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv).

5

its remedial provisions defendants who were convicted of a disqualifying crime *after* their Proposition 47 conviction.  The People take the contrary position.

The People contend because Proposition 47 is ambiguous regarding its applicability in the factual context here, this Court must give effect to the clear intent of the electorate, which "limits these reduced penalties to offenders *who have not committed certain severe crimes* listed in the measure—including murder and certain sex and gun crimes.'  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), Prop. 47, Analysis by the Legislative Analyst, p. 35, italics added.)"  The People urge this intent must be construed to signify the electorate intended a defendant to be ineligible for Proposition 47 relief if he or she ever committed a disqualifying "severe crime."  In short, "[i]t does not matter whether the defendant committed the attempted murder before or after he was convicted of [receiving stolen property].  The only reasonable inference is that if the defendant had an attempted murder conviction *prior to his or her Proposition 47 petition*, the defendant is ineligible for relief."

We do not agree.  The word "prior" in the phrase "one or more prior convictions" of a super strike unequivocally signifies a conviction prior (previous) to the Proposition 47 conviction.  In this context, the word prior therefore is not subject to the interpretation urged by the People.  As the People acknowledge, "'"[w]hen statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it."'"  (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.)  This is the case here.

On the other hand, we are persuaded the People are correct that this matter must be remanded to the trial court to determine whether resentencing defendant "would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)

## DISPOSITION

The order appealed from is conditionally reversed.  The matter is remanded for further proceedings consistent with the views expressed in this opinion.  The order is affirmed should the trial court determine resentencing would pose an unreasonable risk of danger to public safety.  The order is reversed if the trial court determines this is not the

6

case, and the trial court shall grant the petition, recall the felony sentence for receiving stolen property, and resentence as a misdemeanor.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.