Filed 7/29/16  P. v. Jones CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069527 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD261423) |
| ZACHARY STEPHEN JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Theodore M. Cropley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Zachary Stephen Jones entered guilty pleas to seven counts of robbery (Pen. Code,[1] § 211; counts 1-3, 5-6, 8-9); two counts of attempted robbery (§§ 664, 211; counts 4, 7) and resisting an executive officer (§ 69, count 10). In addition, Jones admitted using a deadly weapon (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23); counts 1-5, 9) and that he had been released on bail at the time he committed counts 9 and 10 (§ 12022.1, subd. (b)). Jones admitted one serious felony prior conviction (§ 667, subd. (a)(1)) and one serious/violent felony prior conviction (strike prior; § 667, subds. (b)-(i)).

The trial court denied a defense motion to strike the serious/violent felony prior conviction and imposed a determinate term of 30 years four months.

Jones appeals contending the trial court abused its discretion in denying the motion to strike the serious/violent felony prior conviction. He also contends the trial court failed to understand that it had discretion to sentence two of the counts concurrently rather than consecutively, an issue never raised in the trial court. Predictably, appellate counsel argues that if the latter issue is deemed forfeited, then trial counsel provided ineffective assistance of counsel.

Our review of the record makes very clear the experienced criminal law trial judge fully understood his sentencing discretion. We are further satisfied the judge soundly exercised that discretion.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

STATEMENT OF FACTS

This appeal is from guilty pleas. Examination of the specific nature of the facts of each offense is not necessary to the resolution of the issues on this appeal. It is sufficient to include the statement from the change of plea form:

> "Unlawfully and by means of force and fear took personal property of another while using a deadly weapon, to wit a knife X 7, and attempted to take property by means of force or fear while personally armed with a knife X 2 and resisted arrest by using force and violence and I have a strike prior and was out on bail for counts 9 & 10."

DISCUSSION

Jones challenges his sentence on two separate, but related grounds. First, he contends the trial court abused its discretion in denying his motion to strike the serious/violent felony prior. Second, Jones essentially contends the trial judge did not know he had discretion to sentence two of the counts concurrently, thus we should remand for resentencing to permit the court to properly exercise its discretion.

Our review of this record clearly demonstrates the trial court was fully aware of its sentencing discretion. It is also clear the court acted well within its discretion.

A. The Strike Prior

It is without dispute that a trial court has discretion under section 1385 to strike a serious/violent felony prior in the furtherance of justice. (*People v. Superior* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).)

In making a decision to strike a serious/violent felony prior the trial court "must consider whether, in light of the nature and circumstances of his present felonies and

3

prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

A decision granting or denying a so-called *Romero* motion is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) We will not overturn a discretionary decision of a trial court absent a clear showing of abuse.

A trial judge is not required to state reasons for the decision not to dismiss a prior under section 1385. (*In re Large* (2007) 41 Cal.4th 538, 546, fn. 6.)

In this case the court considered the sentencing memoranda submitted by the parties and the probation officer's report. The court was concerned about the significant violence in the strike prior. Jones stabbed three people during a brawl. Jones argues the court gave too much weight to the facts of the prior, and that the prior is old. Jones argues he was employed and had prospects of employment and considerable family support.

First the prior is not "too old." Jones was convicted in 2007 and served four years in prison. The lengthy string of armed robberies in this case occurred in early 2015, not an unusually long period since his release from prison until the current crimes. Further, the robberies were all committed or attempted with a knife, terrifying many of the victims, and raising a serious risk of injury.

4

Jones argues his current offenses were motivated by financial stress and mitigated by substance abuse.  As to financial stress, Jones was arrested in a card room where he was gambling and apparently high on methamphetamine.  The financial stress argument is incredibly weak.  As for substance abuse, that is not necessarily mitigating.  Jones served a prison term for violence with a knife.  Continued substance abuse, particularly for a person who is allegedly seeking to provide for his family, is less than a compelling argument in mitigation.

Finally, Jones offered a psychological examination report which concluded he was not likely to reoffend if he took care of his financial stress and substance abuse.  That report was written before Jones committed another robbery while he was on bail and violently resisted officers when he was arrested.  We observe that any reasonable judge could find the psychological evaluation to be of little value in assessing whether Jones comes within the spirit of the Three Strikes law.

Lastly, one cannot overlook the current offenses.  Seven robberies and two attempted robberies were committed by Jones using a knife, as he did in his strike offense.  When arrested he violently resisted the officers.  Obviously, Jones learned nothing in his prior encounters with the justice system.  He poses a serious risk to others with his violent behavior.  Plainly a reasonable trial judge could find Jones comes wholly within the spirit of the sentencing scheme.

## B.  Consecutive Sentences

Jones contends that two of the robberies occurred with two victims each.  Thus he argues that the two convictions as to each crime occurred at the same time and involved

the same operative facts. Thus, the court had discretion to sentence two counts concurrently. (*People v. Deloza* (1998) 18 Cal.4th 585, 595-596 (*Deloza*); *People v. Hendrix* (1997) 16 Cal.4th 508, 512-514.) Jones argues the court felt it was required to impose consecutive sentences and therefore did not understand its discretion.

Appellant's opening brief contains the following quote from the trial of one of the statements made by the court following the denial of the motion to strike the prior: "That, of course, results in a very lengthy sentence for the defendant, because without striking the strike, there's little the court can do in terms of consequences to mitigate the sentence, not that it should be mitigated. But what I'm saying is, the court's hands are a bit tied by the pure number of counts in terms of time."

There is nothing in the court's statement that indicates the court did not understand its limitations under the sentencing statute. The court correctly indicated the sheer number of counts and the denial of the motion to strike did in fact tie the court's hand "a bit." However, the court had reviewed the sentencing memoranda which had cited *Deloza, supra,* 18 Cal.4th 585, and specifically referred the court to the fact of multiple victims at the same occurrence gave the court discretion to sentence multiple counts from such occurrence concurrently or consecutively. The trial judge said nothing that would indicate he did not understand the extent of his discretion. We presume trial courts understand the law and understand the requirements of the sentencing law in the absence of an affirmative record to the contrary. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

The court actually did mitigate the sentence somewhat by selecting the lower term for the count used as the base term, thus reducing the sentence from the 36 years recommended by the prosecutor and the probation officer. There is absolutely nothing in this record from which we could infer the experienced criminal law trial judge did not understand a long established rule for sentencing under the Three Strikes law. That is particularly true since the judge's discretion to run some counts concurrently had been specifically pointed out to him in memoranda that he had read.

C. Ineffective Assistance of Counsel

Appellate counsel argues trial counsel was ineffective for failing to object to the sentence on the grounds the court did not understand its discretion to run two counts concurrently with the rest of the counts. We find the argument to be without merit.

First, we have addressed appellate counsel's argument that the trial court was not aware of its discretion. Thus, there was no prejudice from any alleged failure to object to the trial court's sentencing decision. Ineffective assistance of counsel was essentially a backup argument in case we applied forfeiture to the issue. We have not done so.

In order to establish ineffective assistance of counsel under the Sixth Amendment the burden is on the defendant to establish counsel's performance fell below acceptable standards and caused prejudice, i.e., that it is likely a different result would have occurred in the absence of the error. (*Strickland v. Washington* (1984) 466 U.S. 668, 694.) Even if we found error, which we have not, there is no showing of prejudice on this record. Thus we reject the claim of ineffective assistance of counsel.

DISPOSITION

The judgment is affirmed.

_____
                                        HUFFMAN, Acting P. J.

WE CONCUR:


_____
            McDONALD, J.


_____
            PRAGER, J.*

_____

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.