Filed 6/17/26  P. v. Miles CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B345324 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA020171) |
| v. | |
| TRACEY MILES, | |
| Defendant and Appellant. | |

Tracey Miles (defendant) appeals from the trial court's order resentencing him under Penal Code section 1172.75.[1] Defendant's attorney filed a brief raising no issues and asking this court to independently review the record; defendant submitted a supplemental brief on his own behalf.  Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216, we decline counsel's invitation to undertake an independent review of the record.  Instead, we evaluate the arguments

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

defendant raises in his letter brief. (*Id.* at pp. 231-232.) Finding his arguments unmeritorious, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I.    **Facts**

A. *The underlying crime*

In 1994, Miles and two other men robbed a Taco Bell restaurant. While one of the men was pointing a handgun at the two employees present, Miles and the other man emptied the cash registers. The three men were arrested shortly thereafter and charged with two counts of robbery.

B. *Conviction and appeal*

On November 4, 1994, a jury found defendant guilty of two counts of second degree robbery (§ 211). For both counts, the jury found that a principal was armed with a weapon within the meaning of section 12022, subdivision (a)(1). The jury also found true the allegation that defendant's June 4, 1985 conviction for robbery (A030452) constituted a strike offense; found true the allegations that his June 27, 1985 conviction for three counts of robbery (A631415) constituted three strike offenses within the meaning of sections 667, subdivisions (b)-(i) and 1170.12, and were serious felonies within the meaning of section 667, subdivision (a); and found true the allegations that defendant had served three prior prison terms (§ 667.5, subd. (b)).

In February 1995, the trial court sentenced defendant under the Three Strikes law to a term of 36 years to life on the first robbery count, comprised of a base term of 25 years to life (as a third strike sentence), plus five years for each of his two prior serious felony convictions, plus one year for one of the prior prison terms. As to the second robbery count, the court imposed a consecutive term of one year and four months (one-third of the

2

three-year midterm for the robbery, plus one-third of the one-year enhancement sentence for the firearm use).

Defendant appealed his conviction, and the state cross-appealed his sentence. A different panel of this court affirmed the conviction, but held that the trial court's imposition of the one-year, four-month sentence for the second count of robbery was legally unauthorized. The panel explained that the trial court had no jurisdiction under the Three Strikes Law other than to impose a consecutive 26-year-to-life sentence (including the full year enhancement sentence) as to the second count of robbery. (*People v. Miles* (1996) 43 Cal.App.4th 364.) On remand, the trial court resentenced defendant accordingly.

One month later, our Supreme Court in *People v. Hendrix* (1997) 16 Cal.4th 508, held that trial courts had discretion to impose concurrent terms when a defendant is convicted of multiple felonies based on a single act of violence against multiple victims. In 2018, defendant filed in the trial court a motion for resentencing. The trial court denied the motion. Defendant appealed, and a different panel of this court concluded that defendant was entitled to the benefit of *Hendrix*, vacated the resentencing order, and ordered defendant be sentenced to a 36-years-to-life term on count one and a concurrent 26-years-to-life term on count two. (*People v. Miles* (Apr. 25, 2019, B288271) [nonpub. opn.].)

## II.     Procedural Background

On March 23, 2022, defendant filed a petition for writ of habeas corpus seeking resentencing pursuant to section 1170, subdivision (d)(1). The trial court summarily denied the petition on March 30, 2022. Subsequently, the Department of Corrections and Rehabilitation (CDCR) identified defendant as serving a

3

term that included a prior prison term enhancement.[2]  The trial court reviewed the case and, on January 17, 2023, determined defendant "may be entitled to be resentenced."

The court appointed counsel and set a status conference to discuss procedures and a date for the resentencing hearing. Defendant then filed a brief requesting that the court recall his sentence and "strike and dismiss all strike priors but one, as well as the [] section 667(a) five-year priors, and also, the . . . section[] 667.5(b) priors."  The People did not object to dismissal of the enhancements but opposed dismissal of defendant's strikes, and the principal armed with a firearm allegation.

After conducting a hearing, the trial court recalled defendant's sentence and struck the now-invalid one-year prior prison term enhancement under section 667.5, subdivision (b), as well as both prior serious felony enhancements under section 667, subdivision (a)(1).  The court declined to strike defendant's prior strike convictions or the firearm enhancement.  The court accordingly sentenced defendant to an aggregate term of 26 years to life, consisting of a base term of 25 years to life (as a third strike sentence), plus a consecutive one-year firearm enhancement.  The court imposed a concurrent 25-years-to-life sentence for the second robbery.

Defendant timely appealed.

## DISCUSSION

Enacted as part of Senate Bill No. 483 (2021–2022 Reg. Sess.), section 1172.75 declares "legally invalid" all one-year

---

[2]    Defendant filed a second habeas corpus petition on August 24, 2022, again requesting resentencing pursuant to section 1170, subdivision (d)(1).  The court summarily denied that petition on September 26, 2023.

4

sentencing enhancements for serving a prior prison term except when the prior prison term was served for a "sexually violent offense." (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) Once CDCR identifies a defendant as eligible for relief under this provision (§ 1172.75, subd. (b)), that defendant is entitled to a full resentencing at which the court can reconsider all sentencing decisions under the law in effect at the time of resentencing (*id.*, subd. (d)(1)-(2); see also *People v. Green* (2024) 104 Cal.App.5th 365, 373).

After recalling defendant's sentence and striking the prior prison term enhancement as well as the prior serious felony enhancements, the trial court did not err in resentencing defendant to a total of 26 years to life, consisting of a 25-year-to-life term for the robbery conviction, plus a one-year firearm enhancement. The Three Strikes Law dictates that where a defendant has been convicted of two or more prior serious or violent felonies (i.e., "strikes"), the defendant's sentence for a subsequent felony shall be, at a minimum, three times the term otherwise imposed by law or 25 years, whichever is greater. (§ 667, subd. (e)(2)(A); see § 213, subd. (a)(2) [maximum sentence for second degree robbery is five years].) Because the statute defines a serious or violent felony to include robbery (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19)), the trial court properly sentenced defendant as a third strike offender based on his current and prior convictions for robbery.

In his supplemental briefing filed with this court, defendant raises three arguments.

First, defendant contends the trial court failed to consider that he was under the age of 21 when he committed the prior strike offenses. The record does not support this claim that his

5

youth was ignored. Defense counsel repeatedly raised defendant's age at the time of the prior strike offenses, and the court expressly acknowledged that circumstance during its discussion of defendant's prior strikes.

Second, defendant contends the trial court failed to award custody credits. The transcript and the abstract of judgement reflect that, the court awarded defendant 11,005 custody credits.

Third and lastly, defendant argues that his June 4, 1985 conviction for robbery (A030452) was reduced to a misdemeanor pursuant to section 17, subdivision (c) following his discharge from the California Youth Authority and therefore "cannot qualify as an enhancing prior serious felony conviction for purposes of section 667, subdivision (a) and therefore the imposition of the five-year enhancement under that section was improper." Defendant is incorrect. Section 17, subdivision (c), which deems certain "wobbler" convictions misdemeanors for all purposes upon discharge from a Youth Authority commitment, does not apply to the crime of robbery, which is by statute a felony offense and never punishable in the discretion of the court as a misdemeanor.

## DISPOSITION

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
MOOR

7