Filed 2/18/16  P. v Wright CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063340 |
| v. | (Super.Ct.No. FVI801695) |
| ANTHONY DEAN WRIGHT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Anthony Dean Wright pled guilty to theft from an elder or dependent adult.  (Pen. Code,[1] § 368, subd. (d).)  The parties stipulated that the police reports provided a factual basis for the plea.  In accordance with the agreement, a trial court sentenced defendant to two years in state prison.

Defendant filed a petition for resentencing, pursuant to section 1170.18 (Proposition 47).  The court found him ineligible for relief and denied the petition.  Defendant now appeals from the denial of his petition, arguing that the failure to apply Proposition 47 to his conviction violated his equal protection rights.  We direct the court to dismiss count 1.  Otherwise, we affirm.

## PROCEDURAL BACKGROUND

On August 25, 2008, defendant was charged by felony complaint with theft by use of an access card (§ 484g, subd. (a), count 1) and theft from an elder or dependent adult (§ 368, subd. (d), count 2).

On September 9, 2008, defendant entered a plea agreement and pled guilty to count 2.  In accordance with the agreement, the court sentenced him to two years in state prison.

On January 22, 2015, defendant filed a petition for resentencing, pursuant to section 1170.18.  He filed a memorandum of point and authorities in support of his petition, arguing that his offense of theft from an elder (§ 368, subd. (d)) was a theft offense and should be treated the same as other theft offenses with regard to Proposition 47.  He also argued that

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

his equal protection rights would be violated if he was punished more harshly than someone who stole an equal sum of money "from someone of a slightly younger age."

The court held a hearing on defendant's motion on April 10, 2015.  At the outset of the hearing, defense counsel stated, "I believe we can agree that the . . . value of the property taken is less than $950."  He then proceeded to argue that a violation of section 368 was essentially a theft offense; thus, since the amount of loss was less than $950, the conviction should be reduced to a misdemeanor, under a liberal interpretation of Proposition 47.  The court distinguished defendant's offense, noting that the elderly were a protected group of people.  It then asserted that section 368 was not enumerated in Proposition 47, and that "it would be listed if it was contemplated that theft from a protected group of people would be included in Prop. 47."  The court thus denied the petition.

ANALYSIS

I.  The Court Properly Found Defendant Ineligible for Relief Under Proposition 47

Defendant argues that the court erred in denying his Proposition 47 petition, in violation of this equal protection rights.  We conclude that the court properly denied defendant's petition.

A.  *Relevant Law*

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015)

3

233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

B. *Theft From an Elder is Not Enumerated in Section 1170.18*

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, are: shoplifting where the property value does not exceed $950 (§ 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (§ 490.2); and receiving stolen property, where the property value does not exceed $950 (§ 496). (§ 1170.18, subd. (a).) Section 1170.18 does not list section 368, subdivision (d), the offense at issue in the present appeal, as one of the code sections amended or added by Proposition 47. Thus, defendant is simply not statutorily eligible for relief under section 1170.18. Defendant concedes that Proposition 47 does not include section 368, subdivision (d).

C. *Defendant Has Not Shown a Violation of Equal Protection*

Defendant argues that the denial of his petition under Proposition 47 violated his equal protection rights because he is similarly situated to others charged with theft, and there is no rational basis for differentiating the unequal treatment. Specifically, he asserts that he was charged with theft by use of an access card (§ 484g, subd. (a), count 1) and theft from an elder (§ 368, subd. (d), count 2), based on the same conduct. He claims that if he had pled guilty to theft by use of an access card (§ 484g, subd. (a)), he would have been

4

eligible for reduction of his offense to a misdemeanor under Proposition 47. However, since he pled guilty to section 368, subdivision (d), which was not enumerated in section 1170.18, he was not eligible for a reduction. He concludes that the Equal Protection Clause "demands that he receive equal treatment."

Defendant's argument is flawed for several reasons. First, it is based on the premise that a conviction of theft by use of an access card (§ 484g, subd. (a)) would be reduced to a misdemeanor under Proposition 47. Section 1170.18 does not list section 484g, subdivision (a), as one of the code sections amended or added by Proposition 47. (§ 1170.18, subd. (a).) Defendant attempts to get around this fact by contending that theft by use of an access card (§ 484g, subd. (a)) is now a misdemeanor "pursuant to Penal Code section 490.2," which *is* listed in Proposition 47. Section 490.2, subdivision (a), states that notwithstanding any provision defining grand theft, the offense of obtaining property by theft, where the value of property at issue does not exceed $950, shall be considered petty theft and punished as a misdemeanor. Defendant appears to be arguing that the offense of theft by use of an access card is somehow included within section 490.2 simply "because the value of the property taken did not exceed $950.00." Defendant cites no authority for his proposition.[2]

---

[2] We note that *People v. Romanowski* (2015) 242 Cal.App.4th 151, 159, review granted January 20, 2016, S231405, holds that section 490.2 does apply to theft of access card information. (§ 484e, subd. (d).) However, while similar, that offense is not the same as the offense at issue in the instant case, which is theft by *use* of an access card under section 484a, subdivision (a). Furthermore, there is a split of authority in the Courts of Appeal on the issue of whether section 490.2 applies to section 484e, subdivision (d), to reduce the offense to a misdemeanor, and the Supreme Court has granted review. (*People v. Grayson* (2015) 241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757; *People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107.)

Furthermore, petty theft (§ 490.2) is a different crime than theft by use of an access card. (§ 484g, subd. (a).) To construe Proposition 47 to include theft by use of an access card would violate the cardinal rule of statutory construction. "'"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it."'" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.)

Second, defendant has not demonstrated that his conviction for theft from an elder places him in a class of persons similarly situated to those who receive relief under Proposition 47. (See *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 ["'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'"].) Assuming arguendo that theft by use of an access card (§ 484g, subd. (a)) would be a misdemeanor petty theft under Proposition 47 (§§ 490.2, 1170.18), defendant has failed to demonstrate that he was similarly situated, since he has not shown that the value of the property taken was less than $950. He did not provide any supporting documentation with his petition and did not cite to the record or other evidence. In other words, he failed to satisfy his burden to show that he was eligible for relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 ["[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing."].) Although he claims the parties agreed that the loss did not exceed $950, the record merely shows that defense counsel stated the following in court: "I believe we can agree that the . . . value of the property taken is less than $950." Defense counsel proceeded to present his position that section 368 was included in Proposition 47. However, the court quickly distinguished theft

from an elder from other theft offenses and denied the petition.  In other words, the court never addressed the amount of the loss, and the prosecutor never agreed that it was under $950.

In any event, defendant's offense was qualitatively different from the theft offenses listed in Proposition 47.  He committed a crime against an elder adult, and, as the court pointed out, elder adults are a protected group of people.  Section 368, subdivision (a), provides:  "The Legislature finds and declares that crimes against elders and dependent adults are deserving of special consideration and protection . . . ."  (See *People v. Eastburn* (2010) 189 Cal.App.4th 1501, 1506, fn. omitted ["The elder abuse law is intended to provide special protection for elder adults, whose advanced age may render them particularly susceptible to criminal opportunists."])  Thus, there is a rational basis for treating defendant's offense more harshly than other theft offenses.  (See *People v. Alvarez* (2001) 88 Cal.App.4th 1110, 1116 [Fourth Dist., Div. Two] [finding the rational basis test applicable to equal protection challenge involving "an alleged sentencing disparity"].)

Because defendant's offense is not listed in Proposition 47, he failed to establish the amount of loss was less than $950, and his crime involved a member of a protected group of people, we conclude that the court properly denied defendant's Proposition 47 petition.

## II.  The Court Inadvertently Neglected to Dismiss Count 1

Although not raised by the parties, we note an apparent clerical error.  Generally, a clerical error is one inadvertently made.  (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.)  Clerical error can be made by a clerk, by counsel, or by the court itself.  (*Ibid*. [judge

7

misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

At the sentencing hearing, the trial court expressly stated its understanding of the terms of the plea agreement to be that defendant would plead guilty to one count of section 368, subdivision (d), that he would be given two years in state prison, and that "all other counts and allegations would be dismissed." The court proceeded to directly examine defendant regarding the plea form and concluded that he understood the nature of the charges, all consequences and punishments for the offenses, and his constitutional rights. Defendant pled guilty, and the court thereafter sentenced him to a total sentence of two years, as agreed upon. The court, however, failed to dismiss count 1 in its oral pronouncement of judgment. Notwithstanding the oral pronouncement of judgment, the minute order states that count 1 was ordered dismissed. There is no reference to count 1 in the abstract of judgment.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order . . . ." (*Id.* at p. 387.) Since the court here never actually dismissed count 1, the clerk's notation in the minutes that count 1 was dismissed on the People's motion is inaccurate.

Thus, the record shows that the trial court intended to fully execute the terms of the plea agreement, but inadvertently neglected to dismiss count 1 during the oral

pronouncement of judgment. Accordingly, we shall direct the trial court to dismiss count 1. (*People v. Schultz, supra*, 238 Cal.App.2d at p. 807.)

## DISPOSITION

The superior court is directed to dismiss count 1. The superior court clerk is directed to generate a new minute order reflecting that the September 9, 2008 minute order incorrectly states that the court dismissed count 1 at that time, and that the court has now dismissed that count. The clerk is further directed to forward a copy of the new minute order to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

9