Filed 2/29/16  P. v. Flaherty CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063718 |
| v. | (Super.Ct.No. RIF10001926) |
| RYAN PATRICK FLAHERTY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier, and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ryan Patrick Flaherty appeals from an order denying his petition to reduce his convictions for unlawful driving and taking a vehicle with a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a), Veh. Code, § 10851, subd. (a)) and receiving a stolen vehicle with a prior similar conviction (Pen. Code, §§ 666.5, subd. (a), 496d, subd. (a)) to misdemeanors pursuant to Proposition 47. Defendant argues the matter must be remanded for a formal hearing to determine whether the value of the stolen vehicle exceeded $950, because his convictions are properly considered theft offenses under Proposition 47. We reject defendant's contention and affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2010, defendant received and drove a stolen 1998 Ford Expedition without the owner's consent and with the intent to permanently or temporarily deprive the owner of title and possession.

On August 31, 2010, an amended information was filed charging defendant with the unlawful driving or taking of a vehicle, with a prior vehicle theft conviction (Pen. Code, § 666.5, subd. (a), Veh. Code, § 10851, count 1), and receiving, withholding, or concealing a stolen vehicle from its owner, with a prior vehicle theft conviction (Pen. Code, §§ 666.5, subd. (a), 496d, subd. (a), count 2). The amended information also alleged that defendant had served four prior prison terms (§ 667.5, subd. (b)), and had one prior strike conviction (Pen. Code, §§ 667, subds.(c), (e)(1), 1170.12, subd. (c)(1)).

2

At trial, for purposes of the charges in counts 1 and 2, defendant admitted suffering prior convictions for violating Vehicle Code section 10851, subdivision (a), in 2003 and 2005, and Penal Code section 496(d), subdivision (a), in 2008. A jury subsequently found defendant guilty as charged. Defendant waived his right to a jury trial on the prior conviction allegations, and the trial court held a bifurcated hearing. After reviewing the evidence, the trial court found true all of the prior conviction allegations. Defendant was subsequently sentenced to a total term of 10 years in state prison.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (Pen. Code, § 1170.18, subd. (a).)

On December 11, 2014, defendant filed a petition to reduce his felony convictions of vehicle theft with priors and receiving a stolen vehicle with priors to misdemeanors and for resentencing pursuant to Proposition 47.

On April 14, 2015, the trial court considered and denied defendant's petition, finding defendant's convictions under Penal Code section 666.5, subdivision (a), are not qualifying offenses. Defendant filed a timely notice of appeal from that order on June 1, 2015.

3

## II

## DISCUSSION

The passage of Proposition 47 created Penal Code section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (Pen. Code, § 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Proposition 47 further provides that "[u]pon receiving a petition under subdivision (a) [i.e., defendant's petition for recall of sentence], the court shall determine whether the petitioner satisfies the criteria in subdivision (a)." (Pen. Code, § 1170.18, subd. (b).)

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, are shoplifting where the property value does not exceed $950 (Pen. Code, § 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (Pen. Code, § 490.2); and receiving stolen property where the property value does not exceed $950 (Pen. Code, § 496). (Pen. Code, § 1170.18, subd. (a).) Receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)) with prior similar vehicle theft convictions (Pen. Code, § 666.5, subd. (a)) and unlawfully driving or taking a vehicle with prior vehicle

4

theft convictions (Pen. Code, § 666.5, subd. (a), Veh. Code, § 10851, subd. (a)), the crimes to which defendant was convicted of, do not appear on the list of felonies reduced to misdemeanors by Proposition 47. (Pen. Code, § 1170.18, subd. (a).)

Nevertheless, defendant contends his crimes should be reduced to misdemeanors because the trial court incorrectly concluded "convictions suffered under Penal Code section 666.5 are not covered by Proposition 47." He further argues that "Proposition 47 contains sweeping language that is clearly intended to ensure that all thefts of property [including his current convictions], where the value of the property is less than $950 and the defendant has no disqualifying prior convictions, are classified as misdemeanors." He therefore believes that since there was no evidence presented as to the value of the stolen/received vehicle, the matter must be remanded to the trial court to determine the value of the stolen vehicle.

However, to construe Proposition 47 to include unlawfully driving or taking a vehicle with prior vehicle theft convictions and receiving a stolen vehicle with prior vehicle theft convictions would violate the cardinal rule of statutory construction. " ' "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." ' " (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) Here, Proposition 47 lists a specific series of crimes that qualify for reduction to a misdemeanor separated with the conjunction "or" and ending with the phrase "as those sections have been amended or added by this act." (Pen. Code, § 1170.18, subd. (a).) That list does not include violations of Vehicle Code section 10851 (unlawfully taking

5

or driving a vehicle) with a prior theft conviction involving a vehicle (Penal Code section 666.5), and Penal Code section 496d (receiving a stolen vehicle) with a prior theft conviction involving a vehicle (Penal Code section 666.5). "The legislative inclusion of the . . . crimes . . . necessarily excludes any other[s] . . . ." (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.)

Furthermore, as noted, Penal Code section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor," if Proposition 47 had been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated sections that were amended or added by Proposition 47. (Pen. Code, § 1170.18, subd. (a).) Defendant here would not have been guilty of misdemeanors had Proposition 47 been in effect at the time of his offenses, because by its plain terms, a violation of Vehicle Code section 10851 and a violation of Penal Code section 496d with prior theft convictions involving a vehicle under Penal Code section 666.5 requires felony punishment. In relevant part, section 666.5 provides: "Every person who, having been previously convicted of a felony in violation of Section 10851 of the Vehicle Code, or . . . a felony violation of [Penal Code] Section 496d regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of [Penal Code] Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and imprisonment." Therefore, Penal Code section 666.5 explicitly requires felony punishment for recidivist offenders who violate Vehicle Code

section 10851 or Penal Code section 496d. In these circumstances, a violation of Vehicle Code section 10851 and/or Penal Code section 496d are not wobbler offenses, punishable either as a felony or misdemeanor. (See Penal Code, § 666.5, subd. (a); *People v. Park* (2013) 56 Cal.4th 782, 789 [crimes classified as either a felony or misdemeanor are often classified by the punishment prescribed; wobblers "are chargeable or . . . punishable as either a felony *or* a misdemeanor"]; *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974, fn. 4 [listing Veh. Code § 10851, subd. (a), as a statute that provides for "alternative felony or misdemeanor punishment"].) Proposition 47 left intact the language in Penal Code section 666.5, Vehicle Code section 10851, and Penal Code section 496d. Based on the statutory language alone, therefore, whether before or after Proposition 47, defendant would be convicted for felony violations of Vehicle Code section 10851 and Penal Code section 496d with prior vehicle theft convictions.

The plain language of Penal Code section 1170.18 is incompatible with defendant's proposed interpretation of Proposition 47. Penal Code section 1170.18, subdivision (a), provides a mechanism for an offender to request to be resentenced "in accordance with" certain enumerated sections that were amended or added by Proposition 47, and which provide for different, lesser punishment than applied before the enactment of Proposition 47. (Pen. Code, § 1170.18, subd. (a).) As noted, the statutory language setting the punishment for violations of Vehicle Code section 10851 and Penal Code section 496d with prior vehicle theft convictions remains the same, before and after Proposition 47, and are not included among the enumerated sections

7

amended or added by Proposition 47. (Veh. Code, § 10851, subd. (a); Pen. Code, §§ 496d, 666.5, subd. (a), 1170.18, subd. (a).) Defendant therefore could not be resentenced in accordance with any of the sections added or explicitly amended by Proposition 47. Put another way: Exactly the same sentencing considerations apply to defendant's conviction offenses before and after Proposition 47, so there is no basis for reconsidering or reducing the sentence that was initially imposed.

Undeterred by the plain statutory language of Proposition 47, defendant continues that Proposition 47 applies to theft of vehicles, relying on Penal Code section 490.2, subdivision (a), which states that obtaining any property by theft where the "money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft," because a vehicle is "clearly personal property." Defendant asserts that Penal Code section 1170.18 explicitly applies to violations of Penal Code section 487, through the introductory clause of Penal Code section 490.2, so logically it must apply to lesser included offenses of Penal Code section 487, including Vehicle Code section 10851.

On its face, however, Penal Code section 490.2 does no more than amend the definition of grand theft, as articulated in Penal Code section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (Pen. Code, § 490.2.) Vehicle Code section 10851 with priors and Penal Code section 496d with priors do not proscribe theft of either the grand or petty variety, but rather the taking or driving of a vehicle "with or without intent to steal" (Veh.

Code, § 10851, subd. (a); see *People v. Garza* (2005) 35 Cal.4th 866, 876 [Veh. Code, § 10851, subd. (a) " 'proscribes a wide range of conduct,' " and may be violated " 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)' "]) and receiving a vehicle "knowing the property to be stolen" (Pen. Code, § 496d). Penal Code section 490.2 is simply inapplicable to defendant's conviction offenses.

In short, the offenses of which defendant was convicted are not among those reduced to a misdemeanor by Proposition 47, so the trial court correctly determined him to be ineligible for recall of his sentence and resentencing pursuant to section 1170.18.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


CODRINGTON
J.

9