Filed 4/12/16  P. v. Lauer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN LAUER,<br><br>        Defendant and Appellant. | E063650<br><br>(Super.Ct.Nos. FVI015913 & FVI019883)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

In two separate cases, defendant and appellant Jonathan Lauer pled guilty to one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) pursuant to a plea agreement. Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which among other things established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (Pen. Code,[1] § 1170.18.) Defendant filed a petition for resentencing, pursuant to Penal Code section 1170.18, in both cases. A trial court found him ineligible for relief and denied both petitions. Defendant now appeals, arguing that the court erred in finding him ineligible. We affirm.

PROCEDURAL BACKGROUND

On October 8, 2002, defendant was charged by felony complaint with unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a), count 1) and receiving stolen property (Pen. Code, § 496d, subd. (a), count 2), in case No. FVI015913. On November 20, 2002, defendant entered a plea agreement and pled guilty to count 1. In accordance with the agreement, the court sentenced him to 16 months in state prison and dismissed count 2.

On September 10, 2004, defendant was charged by another felony complaint with unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a), count 1), in case No. FVI019883. The complaint also alleged that defendant had served one prior prison

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

term.  (Pen. Code, § 667.5, subd. (b).)  On February 16, 2005, defendant entered a plea agreement and pled guilty to count 1.  In accordance with the agreement, the court sentenced him to two years in state prison and dismissed the prison prior allegation.

On April 22, 2015, defendant filed Proposition 47 petitions for resentencing in case Nos. FVI015913 and FVI019883.  In both petitions, he alleged that he had completed his sentences and was requesting to have his felonies redesignated as misdemeanors.  (§ 1170.18.)  On May 15, 2015, the court found that defendant's offenses did not qualify for resentencing under Proposition 47 and denied the petitions.

ANALYSIS

The Court Properly Denied Defendant's Petitions

Defendant argues that the court erred in not designating his Vehicle Code section 10851[2] convictions as misdemeanors under Proposition 47.  We disagree.

A.  *Relevant Law*

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies

---

[2] Vehicle Code section 10851, subdivision (a), provides:  "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished . . . ."

or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18." (*Id.* at p. 1092.) Section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Thus, "Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Rivera*, at p. 1091.)

As relevant to the present case, Proposition 47 added section 490.2, which provides as follows: "(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

4

B. *Defendant Was Ineligible for Relief*

Proposition 47 lists a specific series of crimes that qualify for reduction to a misdemeanor, separated with the conjunction "or" and ending with the phrase "as those sections have been amended or added by this act." (Pen. Code, § 1170.18, subd. (a).) "The legislative inclusion of . . . crimes . . . necessarily excludes any other[s]." (*People v. Gray* (1979) 91 Cal.App.3d 545, 551, superseded by statute on other grounds as stated in *People v. Singleton* (1980) 112 Cal.App.3d 418, 424.) Penal Code section 1170.18 does not identify Vehicle Code section 10851 as one of the code sections amended or added by Proposition 47. (Pen. Code, § 1170.18, subd. (a).) To construe Proposition 47 to include the taking or driving of a vehicle under Vehicle Code section 10851 would violate the cardinal rule of statutory construction. """"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]'" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) Furthermore, Proposition 47 left intact the language in Vehicle Code section 10851, subdivision (a), which makes a violation of that statute punishable as either a felony or a misdemeanor. Therefore, based on the statutory language alone, the court properly found defendant ineligible for relief under Proposition 47.

Defendant argues that he was eligible for relief because Penal Code section 1170.18, subdivision (a), lists Penal Code section 490.2 (petty theft). He contends that under Penal Code section 490.2, the theft of an automobile valued at $950 or less is no longer grand theft, but petty theft, unless the offense was committed by certain ineligible

5

defendants.  (Pen. Code, §§ 490.2, 487, subd. (d)(1).)  Penal Code section 490.2 does bring a host of unspecified statutes *defining grand theft* within its ambit.  (Pen. Code, § 490.2, subd. (a).)  However, Vehicle Code section 10851 does not appear explicitly in Penal Code section 490.2 (as does Pen. Code, § 487).  Moreover, Vehicle Code section 10851 does not purport to define the taking of a vehicle as grand theft; rather, it simply proscribes actions, *whether or not* there was an intent to steal.  (Veh. Code, § 10851, subd (a); see *People v. Garza* (2005) 35 Cal.4th 866, 876 ["A person can violate [Vehicle Code] section 10851[, subdivision] (a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).'"].)  Thus, Penal Code section 490.2 is simply inapplicable to defendant's offense.

Defendant also contends that, in light of the intent of the drafters of Proposition 47 and the rule of lenity, Proposition 47 should be interpreted "in a manner consistent with the wording of the statute, that results in the lenient treatment of minor theft offenses." However, "If the language of a statute is clear and unambiguous, we do not have anything to construe and consequently do not need to resort to the various forms of indicia of legislative intent." (*People v. Meyer* (2010) 186 Cal.App.4th 1279, 1283.)  As noted, the plain language of Penal Code section 1170.18 is clear and does not include Vehicle Code section 10851 among the enumerated sections amended or added by Proposition 47.  (Pen. Code, § 1170.18, subd. (a).)  Moreover, the statutory language setting the punishment for violations of Vehicle Code section 10851 remains the same,

before and after Proposition 47. (Veh. Code, § 10851, subd. (a).) Since the language of the statutes is clear, there is no need to examine the legislative intent. (*Meyer*, at p. 1283.) In any event, defendant does not identify any evidence of the drafters' intent to include statutes in Proposition 47, other than the ones enumerated. He merely asserts that the purpose of Proposition 47 was "to reduce the prison population, and thereby prison spending and government waste, by focusing scarce resources on serious and violent crime, rather than minor theft and drug possession offenses." As for defendant's reliance on the rule of lenity, such rule is in applicable here. The rule of lenity "is limited to situations in which intrinsic or extrinsic evidence of the Legislature's intent results in reasonable interpretations that stand in equipoise." (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1315.) Such circumstance does not exist here.

Furthermore, even assuming that defendant's statutory interpretation of Proposition 47 is correct, he failed to establish that he was eligible for relief. "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) To establish eligibility for resentencing under Penal Code section 1170.18, defendant had the initial burden of showing that the value of the vehicles was less than $950. The record of conviction does not establish this fact, as he entered a guilty plea in both cases. Furthermore, defendant never stated in the petitions that the vehicles were valued at less than $950, nor did he provide any supporting documentation. Defendant simply failed to meet his burden of proof. He claims that he "was precluded from presenting any

7

evidence regarding the value of the stolen vehicle by the trial court, which held that Vehicle Code section 10851 was not subject to Proposition 47, and that any evidence of valuation was, therefore, irrelevant." However, as explained in *Sherow,* """[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.""" (*Sherow*, at p. 879.) *Sherow* concluded that the lower court properly denied the defendant's Proposition 47 petition because it contained no facts or explanation how the value of the items taken were less than $950. (*Sherow*, at pp. 877, 880-881.) Like the defendant in *Sherow*, defendant's petitions here contained no facts establishing or even alleging that the value of the items taken were less than $950. Thus, the trial court properly denied his petitions.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

8