Filed 5/12/16  P. v. Young CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063632 |
| v. | (Super.Ct.No. SWF028989) |
| ISAAC JERRY YOUNG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y.

Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Isaac Jerry Young appeals from the trial court's order denying his petition for recall of sentence under Penal Code section 1170.18.[1] We affirm the order.

FACTS AND PROCEDURE

On June 15, 2009, defendant was involved in the theft of two separate vehicles.

On June 18, 2009, the People filed a complaint charging defendant with kidnaping (§ 207, subd. (a)), carjacking (§ 215, subd. (a)), criminal threats (§ 422), and two counts of unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) with a previous conviction for the same offense (§ 666.5, subd. (a)). The People alleged defendant personally used a deadly weapon, a screwdriver, during the commission of the kidnaping and the carjacking, and that he violated his probationary terms in four separate cases.

On July 22, 2009, defendant pled guilty to carjacking and one count of unlawfully driving or taking a vehicle with a prior conviction. Defendant also admitted the personal weapon use enhancement to the carjacking count. The minute order for that date indicates that "Counsel Stipulate: vehicle in Ct. 2 not same as vehicle in Ct. 4."

On August 24, 2009, the court sentenced defendant as agreed to seven years as follows: the middle term of five years for the carjacking, plus one year consecutive for the weapon enhancement, plus one year consecutive for driving or taking a vehicle.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next

---

[1] Section references are to the Penal Code unless otherwise indicated.

2

day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On December 15, 2014, defendant filed a petition for resentencing. On April 30, 2015 the court denied the petition on the basis that defendant's felonies were not qualifying felonies.

This appeal followed.

## DISCUSSION

Defendant argues this court should reverse the trial court's denial of his motion because Proposition 47 redefines *all* thefts under the threshold amount of $950 as misdemeanors.

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) Proposition 47 further provides that "[u]pon receiving a petition under subdivision (a)

3

[i.e., defendant's petition for recall of sentence], the court shall determine whether the petitioner satisfies the criteria in subdivision (a)." (§ 1170.18, subd. (b).)

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, are shoplifting where the property value does not exceed $950 (§ 459.5); petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (§ 490.2); and receiving stolen property where the property value does not exceed $950 (§ 496). (§ 1170.18, subd. (a).) Unlawfully driving or taking a vehicle with prior vehicle theft convictions (§ 666.5, subd. (a), Veh. Code, § 10851, subd. (a)), does not appear on the list of felonies reduced to misdemeanors by Proposition 47. (§ 1170.18, subd. (a).)

To construe Proposition 47 to include unlawfully driving or taking a vehicle with prior vehicle theft convictions would violate the cardinal rule of statutory construction. "'"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." [Citation.]' [Citation]" (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) Here, Proposition 47 lists a specific series of crimes that qualify for reduction to a misdemeanor separated with the conjunction "or" and ending with the phrase "as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) That list does not include unlawfully taking or driving a vehicle with a prior vehicle theft conviction. "The legislative inclusion of the . . . crimes . . . necessarily excludes any other[s] . . . ." (*People v. Gray* (1979) 91 Cal.App.3d 545, 551.)

4

Furthermore, as noted, section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor," if Proposition 47 had been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated sections that were amended or added by Proposition 47. (§ 1170.18, subd. (a).) Defendant here would not have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense, because by its plain terms, a violation of Vehicle Code section 10851with a prior theft conviction involving a vehicle under Penal Code section 666.5 requires felony punishment. In relevant part, section 666.5 provides: "Every person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code . . . regardless of whether or not the person actually served a prior prison term for those offenses, is subsequently convicted of any of these offenses shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and imprisonment." Therefore, Penal Code section 666.5 explicitly requires felony punishment for recidivist offenders who violate Vehicle Code section 10851. In these circumstances, a violation of Vehicle Code section 10851 is not a wobbler offense, punishable either as a felony or misdemeanor. (See § 666.5, subd. (a); *People v. Park* (2013) 56 Cal.4th 782, 789 [crimes classified as either a felony or misdemeanor are often classified by the punishment prescribed; wobblers "are chargeable or . . . punishable as either a felony *or* a misdemeanor"]; *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974, fn. 4 [listing Veh. Code § 10851, subd. (a), as a statute that provides for

5

"alternative felony or misdemeanor punishment"].)  Proposition 47 left intact the language in Penal Code section 666.5 and Vehicle Code section 10851.  Based on the statutory language alone, therefore, whether before or after Proposition 47, defendant would be convicted for felony violations of Vehicle Code section 1085.

The plain language of section 1170.18 supports this conclusion. Section 1170.18, subdivision (a), provides a mechanism for an offender to request to be resentenced "in accordance with" certain enumerated sections that were amended or added by Proposition 47, and which provide for different, lesser punishment than applied before the enactment of Proposition 47.  (§ 1170.18, subd. (a).)  As noted, the statutory language setting the punishment for violations of Vehicle Code section 10851 with prior vehicle theft convictions remains the same, before and after Proposition 47, and is not included among the enumerated sections amended or added by Proposition 47.  (Veh. Code, § 10851, subd. (a); Pen. Code, §§ 666.5, subd. (a), 1170.18, subd. (a).)  Defendant therefore could not be resentenced in accordance with any of the sections added or explicitly amended by Proposition 47.  Put another way:  Exactly the same sentencing considerations apply to defendant's conviction offenses before and after Proposition 47, so there is no basis for reconsidering or reducing the sentence that was initially imposed.

Neither does Proposition 47 apply to theft of vehicles through the use of section 490.2, subdivision (a), which states that obtaining any property by theft where the "money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft."  Section 490.2 does no more than amend the

6

definition of grand theft, as articulated in section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (§ 490.2.) Vehicle Code section 10851 with priors does not proscribe theft of either the grand or petty variety, but rather the taking or driving of a vehicle "with or without intent to steal" (Veh. Code, § 10851, subd. (a); see *People v. Garza* (2005) 35 Cal.4th 866, 876 [Veh. Code, § 10851, subd. (a) "'proscribes a wide range of conduct,'" and may be violated "'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)'"].) Section 490.2 is simply inapplicable to defendant's conviction offenses.

In short, the offenses of which defendant was convicted are not among those reduced to a misdemeanor by Proposition 47, so the trial court correctly determined him to be ineligible for recall of his sentence and resentencing pursuant to section 1170.18.

**DISPOSITION**

The court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

CODRINGTON
J.

7
