Filed 7/18/16  P. v. Costa CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077851 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13-1842) |
| v. | |
| MARC ANTHONY COSTA, | |
| Defendant and Appellant. | |

Defendant Marc Anthony Costa, convicted of multiple drug-related felonies, contends the trial court failed to exercise its discretion in sentencing when it imposed a consecutive term on count 14 because the court mistakenly believed consecutive sentencing was mandatory.  Defendant asks us to remand the matter to the trial court with directions to exercise its discretion as to consecutive or concurrent sentencing on count 14.

1

Observing that defendant did not raise this issue in the trial court, we requested supplemental briefing as to whether defendant's contention was forfeited.

Defendant thereafter applied to augment the record to show that after his opening brief was filed, a trial judge in a different case reduced one of his prior felony convictions to a misdemeanor under Penal Code section 1170.18.[1] Defendant requested leave to brief the issue whether the one-year enhancement imposed in the current case for that prior felony should be struck. We granted the request to augment and directed the parties to brief this issue.

We conclude defendant's challenge to the sentence on count 14 is forfeited, but trial counsel's failure to raise the issue constituted ineffective assistance, and it is reasonably likely defendant would have obtained a better result but for counsel's omissions. Therefore, we must remand the matter to the trial court to exercise its discretion as to consecutive or concurrent sentencing on count 14. On the second issue defendant raises, we conclude he is not entitled to resentencing as to the prior felony enhancement.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant entered an open plea of no contest to 14 drug-related felonies and admitted two prior strikes and six prior prison terms, with the understanding that his maximum exposure was 24 years in state prison.[2] All counts involved the sale, transportation, or possession for sale of methamphetamine, except for count 14, which alleged an offer to sell marijuana. Counts 1 through 3 were alleged to have occurred on or about November 27, 2012; counts 4 and 5 on or about December 11, 2012; counts 6

---

[1] Undesignated statutory references are to the Penal Code.

[2] The strikes were for violations of former section 422 (June 25, 1993) and section 459 (first degree—June 29, 1983).

through 8 on or about December 19, 2012; counts 9 through 11 on or about January 8, 2013; and counts 12 through 14 on or about March 11, 2013.

At the change of plea hearing, when explaining defendant's maximum exposure, the prosecutor stated: "Your Honor, given the fact that the defendant will be admitting strikes, . . . I did not consider consecutive vers[u]s concurrent time. There is only consecutive time allowed." Defense counsel did not dispute that assertion. In fact, however, consecutive sentencing is mandatory in three strikes cases only for current offenses "not committed on the same occasion, and not arising from the same set of operative facts . . . ." (§ 667, subd. (c)(6); *People v. Hendrix* (1997) 16 Cal.4th 508, 514 (*Hendrix*) [trial court has discretion to impose consecutive or concurrent sentences where current offenses committed on the same occasion]; accord, *People v. Deloza* (1998) 18 Cal.4th 585, 591 (*Deloza*).) "The same occasion" under this provision "is commonly understood to refer to at least a close temporal and spatial proximity between two events . . . ." (*Deloza,* at p. 594.) As we explain, counts 12 through 14 fit this description.

According to the evidence presented at the preliminary hearing (the stipulated factual basis for defendant's plea), defendant and a codefendant engaged in multiple sales of methamphetamine to undercover officers during the period November 27, 2012, to March 11, 2013. The transactions occurred at defendant's home in Sacramento or at other locations in Sacramento and West Sacramento.

On March 11, 2013, an undercover officer went to defendant's home, where defendant retrieved methamphetamine from a toolbox in a shed (count 13—possession of methamphetamine for sale). Defendant, standing in the doorway of the shed, pointed to a bag of marijuana and asked the agent if he wanted to purchase that, but the agent declined (count 14—offer to sell marijuana). The agent purchased an eighth of an ounce of methamphetamine from defendant and left (count 12—sale of methamphetamine).

The probation report—which the trial court and counsel apparently received as of August 19, 2014, ten days before the original date set for the sentencing hearing, August 29—recommended a 24-year sentence, with all terms not stayed under section 654 to run consecutive to the principal term. The report called consecutive sentencing "appropriate" under California Rules of Court, rule 4.425 (hereafter rule 4.425) because defendant committed the offenses "on different dates, separated by time and space, and the transactions on each of those dates were conducted at different locations and times . . . ."

The People's sentencing brief reiterated the claim that all non-stayed counts, specifically including count 14, had to run consecutive to the principal term under the three strikes law.

Defendant filed a request to strike his prior strikes (which, according to his calculation, would reduce his sentence to 13 to 15 years). He did not discuss the issue of consecutive versus concurrent sentencing.

At judgment and sentencing on September 25, 2014, the trial court denied defendant's request to strike his strikes. The court designated count 12 the principal term and imposed the four-year upper term, doubled under the three strikes law. The court stayed sentence on count 13, and all nonsales charges alleged as to the other transactions, under section 654. However, the court noted that count 14 was not subject to a section 654 stay.

The trial court stated that the upper term sentence for count 14 was four years, but "[t]hat would run concurrent to Count 12." (The court did not explain why it intended to deviate from the probation report's recommendation as to that count.) The prosecutor interjected: "*Just for the record because of the strike, the sentences cannot run concurrent*." (Italics added.) The court replied: "*My math changes*." Defense counsel did not object. (Italics added.)

4

The trial court resumed sentencing, count by count, and later stated that the sentence for count 14 would be one year (one-third the middle term, doubled), which the court included as a consecutive term in calculating defendant's aggregate term of 23 years in state prison.[3]

Subsequently, defendant filed a motion and memorandum in support of motion to recall sentence and commitment previously ordered and to resentence defendant pursuant to Penal Code section 1170(d)(1) (hereafter motion).[4] Defendant argued that his sentence was disproportionate to that of his codefendant because the codefendant received an aggregate state prison term of only 10 years even though he supplied the drugs defendant sold, denied all responsibility for his crimes (unlike defendant) but was convicted by jury on all counts charged, and had a prior criminal record almost as extensive as defendant's. Defendant requested resentencing to an aggregate state prison term of 13 years (the sentence he had previously advocated in his request to strike strikes). Defendant did not raise the issue of whether the trial court, in recalculating the sentence to lower it as defendant requested, was able to run count 14 concurrently to count 12.

The People opposed defendant's motion, asserting that defendant had "more prison priors, more strikes, and more crimes" than the codefendant.

At the hearing on the motion (which the trial court denied), the prosecutor again asserted, without dispute from defense counsel, that "pursuant to the strike [all of defendant's convictions] must run consecutive." Defense counsel said nothing during the hearing about count 14.

Defendant filed a timely notice of appeal.

---

[3] The court dismissed one prior prison term enhancement because it was also alleged as a strike.

[4] We explain this provision in part I of the Discussion, *post*.

## DISCUSSION

### 1.0    Count 14

In his initial briefing, defendant contended the trial court failed to make an informed exercise of discretion as to count 14 because it was misled by the prosecutor's misstatement of the law on three strikes sentencing. Defendant acknowledged that the court could lawfully have exercised its discretion to impose the sentence it did. (*Deloza, supra*, 18 Cal.4th at p. 591; *Hendrix, supra*, 16 Cal.4th at p. 514.) He argued, however, that when a trial court makes a sentencing decision which is actually discretionary in the erroneous belief that it lacks discretion, the reviewing court must reverse and remand for resentencing. (*People v. Lara* (2001) 86 Cal.App.4th 139, 165-166; see *Deloza,* at pp. 599-600.)

Since consecutive sentencing could properly be imposed on count 14 as an informed exercise of the trial court's discretion, the sentence here is not an unauthorized one that may be challenged for the first time on appeal. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) Therefore, on determining that defendant did not challenge the sentencing on count 14 either at disposition or on his motion, we requested supplemental briefing as to whether his silence forfeited the issue. Having read and considered the parties' supplemental briefs, we conclude the issue is forfeited. But because the failure to raise the issue constituted ineffective assistance of counsel, we reach the merits.

Defendant argues (1) his silence at disposition did not forfeit the issue because he did not have fair notice of the sentence imposed or a meaningful opportunity to object; and (2) his failure to raise the issue in his motion did not forfeit the issue because section 1170, subdivision (d)(1), under which he brought the motion, did not permit him to raise this issue. According to defendant, this provision "on its face does not appear to provide

6

a vehicle to correct specific errors in a specific sentence, but rather focuses on broad issues of disparity and uniformity in sentencing." We disagree with both points.

Defendant was on notice before the date of sentencing that consecutive sentencing on count 14 could occur: The prosecutor and the probation officer recommended such sentencing, and the trial court did not state prior to sentencing that it had rejected those recommendations. Trial counsel should therefore have been prepared to rebut both the prosecutor's three strikes law claim and the probation officer's rule 4.425 claim.

The prosecutor's objection to concurrent sentencing merely reiterated the erroneous legal argument the prosecutor had made all along, which trial counsel had inexplicably allowed to remain unanswered. Thus, although the court changed its mind only after the prosecutor objected, it was foreseeable that the court would do so if not presented with a counterargument. Counsel could still have raised that argument before the sentencing hearing ended, but did not. It is true that a defendant who is deprived of notice of an intended sentencing decision and the opportunity to contest it at the sentencing hearing may be excused for the failure to raise an objection at that time (*Scott*, *supra*, 9 Cal.4th at p. 356; see *People v. Gonzalez* (2003) 31 Cal.4th 745, 752), but that rule does not cover the present situation.

Defendant's argument as to his motion is no more successful.

Section 1170, subdivision (d)(1) provides: "When a defendant subject to this section . . . has been sentenced to be imprisoned in the state prison . . . and has been committed to the custody of the secretary . . . , the court may, within 120 days of the date of commitment on its own motion . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules

7

of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. . . . ”

Contrary to defendant's interpretation (for which he cites no authority), nothing in the statute on its face limits its scope to "broad issues of disparity and uniformity in sentencing." Rather, it allows the trial court to reconsider sentencing de novo. (See *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 442; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1428-1429.) The statute's last sentence, on which defendant appears to rely, merely informs the court that any new sentence it imposes must comply with the antidisparity, prouniformity sentencing rules. It does not restrict courts to reassessing sentences only on grounds of alleged disparities in sentencing; nor does it bar defendants from arguing other issues on a motion to recall sentence. Thus, the statute did not preclude defendant from challenging the consecutive sentence on count 14.

For all of the above reasons, trial counsel's failure to raise the issue of consecutive versus concurrent sentencing as to count 14 forfeits the issue. However, defendant contends in the alternative that if counsel's silence at sentencing constituted a forfeiture, defendant received ineffective assistance of counsel.[5] We agree.

To win reversal for ineffective assistance of counsel, an appellant must demonstrate that counsel's performance fell below professional norms and that it is reasonably likely the appellant would have obtained a better outcome had counsel performed effectively. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Appellate courts do not find ineffective assistance of counsel where the record does not explain counsel's conduct and counsel may have had a colorable tactical reason for that conduct. (*People v. Kraft* (2000) 23 Cal.4th 978, 1068-1069.) Here, however, there could not have been

---

[5] Defendant does not raise an ineffective assistance argument as to the motion to recall sentence.

8

such a reason. Counsel had nothing to lose by arguing concurrent sentencing on count 14, which if successful would have reduced defendant's aggregate term by one year. Counsel's continued failure not only to make such an argument but even to oppose the prosecutor's misstatement of the law suggests, rather, that counsel did not understand three strikes sentencing law any better than did the prosecutor. Thus, counsel's performance fell below professional norms.

To determine whether defendant would have been reasonably likely to obtain a better outcome but for counsel's failings, we must decide whether the trial court's sentencing on count 14 was an informed exercise of the court's discretion. We conclude the answer is "no." Since the court instantly changed its mind, without stating any reason of its own, after the prosecutor asserted that consecutive sentencing was mandatory, we must infer that the court simply adopted the prosecutor's false premise.

A timely objection by trial counsel, citing the applicable law, would have shown the trial court that it did have discretion as to count 14. Since the court had already announced a tentative decision to sentence concurrently on that count, it appears reasonably likely that the court would have adhered to that decision if it had realized it had the discretion to do so. Therefore, counsel's substandard performance prejudiced defendant. Remand is required.

## 2.0    One-year Sentence Enhancement

After defendant filed his opening brief, he requested the augmentation of the record to include an order by a trial judge in Sacramento County Superior Court case No. 94F06912, made after defendant's sentencing in the present Yolo County case, that granted his petition under section 1170.18 to reduce sentence on his prior felony

9

conviction for violation of Health and Safety Code section 11377, subdivision (a) to a misdemeanor.[6] We granted the request to augment.

Based on the augmented record, defendant requested leave to brief the issue whether, in light of the Sacramento County Superior Court's order, his sentence in the current case should be reduced by striking the one-year enhancement imposed for the prior felony conviction in case No. 94F06912. We directed the parties to file supplemental briefs on this issue.[7] Having read and considered the parties' briefs, we conclude that a reduction in defendant's sentence on this basis is not warranted.

Section 1170.18 provides, inter alia, that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may apply to have their felony convictions "designated as misdemeanors." (§ 1170.18, subd. (f).) "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).)

---

[6] The order granting the petition was made on November 13, 2015, by Judge Koller of Sacramento County Superior Court. Sentence in the current case was imposed on September 25, 2014, by Judge Mock of Yolo County Superior Court. The record does not show whether Judge Koller was aware of the appeal pending in the current case.

[7] In our order for supplemental briefing, we directed the parties to consider the applicability of *People v. Scarbrough* (2015) 240 Cal.App.4th 916, in which this court held that a trial court lacks jurisdiction to resentence a defendant under section 1170.18 while the defendant's appeal is pending. Defendant argues that *Scarbrough* is inapposite because the resentencing was not done in the case currently on appeal, as in *Scarbrough*, but in a different case in which the judgment was long since final. (Cf. § 1170.18, subd. (f); *People v. Noyan* (2014) 232 Cal.App.4th 657, 672.) The Attorney General states in a footnote that *Scarbrough* is inapplicable, "[a]s respondent will explain," but then neglects to provide the explanation. Instead, after acknowledging that the record does not show whether Judge Koller was aware of the present proceeding, the Attorney General asserts "arguendo" that if Judge Koller's resentencing order purported to resentence defendant in the present case, the order would be null and void under *Scarbrough*. For purposes of this appeal, we presume *Scarbrough* does not apply.

10

Defendant contends that because his prior felony conviction has become a misdemeanor "for all purposes" (§ 1170.18, subd. (k)), it can therefore no longer be used to support a sentencing enhancement for a prior felony conviction (§ 667.5, subd. (b)). This issue is currently pending before our Supreme Court. (*People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 7, 2016, S232900.) While awaiting the high court's guidance, we conclude that defendant's contention lacks merit.

The one-year prior prison term enhancement (§ 667.5, subd. (b)) is "an enhancement available for 'any felony' if the felon served time in prison for 'any felony' and showed an inability to reform." (*People v. Jones* (1993) 5 Cal.4th 1142, 1150.) When defendant was sentenced in the current case, the prior conviction at issue was a felony and he had served a prison sentence for that conviction. Section 1170.18 does not alter that fact.

Moreover, section 1170.18 contains no procedure for striking a prison prior merely because the felony underlying the enhancement has been reduced to a misdemeanor, and nothing in the language of the statute or in any authority cited by defendant indicates that the statute was intended to have such retroactive collateral consequences. Put simply, section 1170.18 does not address sentence enhancements at all.

For all of these reasons, we conclude defendant is not entitled to the relief he seeks.

## DISPOSITION

As to defendant's convictions and his sentencing, aside from count 14, the judgment is affirmed. As to count 14, the matter is remanded for resentencing on that

11

count with directions to the trial court to exercise its discretion as to whether to run the sentence consecutively or concurrently to count 12.

                                                                      _____BUTZ_____, Acting P. J.

We concur:

_____DUARTE_____, J.

_____HOCH_____, J.

12